## Oliver LeBlanc v. City of Barre

[477 A.2d 970]

No. 82-263

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed May 11, 1984

.Appeal from denial of application for zoning variance. Washington Superior Court, *Morrissey, J.,* presiding. *Affirmed.*

*Robert S. Burke* of *Richard E. Davis Associates, Inc.,* Barre, for Plaintiff-Appellant.

*John F. Nicholls,* City Attorney, Barre, for Defendant-Appellee.

**Underwood, J.** Plaintiff appeals a decision of the Washington Superior Court, which heard plaintiff's de novo appeal from the City of Barre Zoning Board of Adjustment (Board). The Board had denied plaintiff's application for a zoning variance to allow him to construct a residence on an undersized lot. The superior court made findings of fact and conclusions of law and entered judgment for the defendant. The court's findings of fact are not challenged on appeal.

On August 10, 1972, plaintiff purchased five contiguous lots in Barre, all of which fronted along the same road. The lots were designated numbers six through ten. The City of Barre Zoning Ordinance (Ordinance) in effect at that time required that a residential lot contain 6,000 square feet; lots six and seven, which are abutting, each contained 5,925 square feet.

On August 14, 1972, plaintiff was granted a permit to construct a residence on lot six. The plot plan submitted by him showed that lot seven was to be included as part of the entire

parcel. Plaintiff's application for a building permit, however, refers only to lot six. On July 1, 1974, the Ordinance was amended by increasing the minimum lot size to 10,000 square feet. In 1974 and 1975, plaintiff conveyed lots eight through ten in two parcels. Lot eight and one-half of lot nine comprised one parcel and lot ten and the remainder of lot nine comprised the other. Each parcel contained approximately 8,900 square feet. On July 10, 1978, plaintiff told the City of Barre Zoning Administrator (Administrator) that he intended to sell lot six, and that he planned to build a single family dwelling on lot seven. The Administrator informed plaintiff that lot seven could not be so developed because it was undersized. Nevertheless, plaintiff submitted a building permit application which was denied. From this denial he appealed to the Board.

On July 22, 1978, the plaintiff executed a deposit and sales agreement for the sale of lot six and the residence thereon. While the appeal to the Board was pending, plaintiff sold and conveyed lot six. After the Board's decision, plaintiff requested a rehearing at which he stated that, at the time he executed the deposit and sales agreement, he was unaware that lot seven could not be developed as a separate lot. Not to allow him to develop lot seven, plaintiff argued, would constitute a hardship.

Plaintiff's argument on appeal is limited to the assertion that lot seven met the minimum size requirement of the Ordinance applicable to him in July of 1978. The trial court concluded that plaintiff failed to show that lot seven could have been developed as a single lot, and that plaintiff did not show he was entitled to a "hardship" exemption as set forth in 24 V.S.A. § 4468(a) and as construed in *Lewis* v. *Pickering*, 134 Vt. 22, 349 A.2d 715 (1975). The court concluded that plaintiff himself created the purported hardship he seeks to avoid by agreeing to sell and by selling lot six after he knew that lot seven was undersized. We find no error and affirm.

The Ordinance relied upon by plaintiff provides:

Sec. 5.1.05

Any parcel of land *in individual and separate nonaffiliated ownership from surrounding properties* may be developed for the purposes permitted in the district in which

it is located even though not conforming to minimum lot size requirements:

> (1) If the parcel is not less than one-eighth of an acre in area with a minimum width and depth dimension of forty feet; or
>
> (2) If the parcel could have been developed under the Municipal Zoning Ordinance of the City of Barre, which preceded these regulations, for the purposes permitted in the district in which it is located; or
>
> (3) If a nonconforming structure or noncomplying building is situated on the parcel, provided that the coverage of the building is not enlarged.

This is based upon part of the Vermont Planning and Development Act which provides:

> (1) Existing small lots. Any lot *in individual and separate and non-affiliated ownership from surrounding properties* in existence on the effective date of any zoning regulation, including an interim zoning regulation, may be developed for the purposes permitted in the district in which it is located, even though not conforming to minimum lot size requirements, if such lot is not less than one-eighth acre in area with a minimum width or depth dimension of forty feet.

24 V.S.A. § 4406(1). Both provisions require that the small lot be "in individual and separate non-affiliated ownership from surrounding properties." Plaintiff attempts to make an issue of the phrase "on the effective date of any zoning regulation," 24 V.S.A. § 4406(1), which appears in the statute but not in the Ordinance. We agree with the trial court's conclusion that lot seven was not "in individual and separate ownership."

 Plaintiff's assertion that lot seven could have been developed under the minimum size requirements of previous zoning ordinances is of no avail, since lot seven failed to meet the "individual and separate" requirement of either the Ordinance or the statute. Plaintiff knew that lot seven was too small to be developed because of its proximity to lot six: the contiguous location of the lots precluded the "individual and separate" requirement necessary to take advantage of the

small lot exemption in the Ordinance. Plaintiff was told that lot seven would not meet the zoning requirements before he agreed to sell lot six. Plaintiff cannot knowingly convey adjacent lots one or two at a time and subsequently claim that his one remaining lot is "individual and separate" for purposes of the Ordinance or the statute. This would reduce the Ordinance to a nullity.

Although it is unclear from his brief whether plaintiff intended to appeal the trial court's conclusion that he did not meet the hardship exception, 24 V.S.A. § 4464, we will address the issue. The trial court concluded that plaintiff created the purported hardship by executing the deposit and sales agreement and conveying lot six after he was informed by the Administrator that lot seven was undersized. The findings which underlie this conclusion are unchallenged. The hardship exemption of 24 V.S.A. § 4468(a) requires that *all* of the five elements be met. One of these elements requires that the hardship not be created by an applicant such as the plaintiff here. We affirm the trial court's conclusion that the plaintiff created the situation whereby he now has only lot seven, standing alone and not suitable for a single family dwelling. The hardship of which he now complains is of his own doing.

*Affirmed.*