## In re Application of Viateur Fecteau

[543 A.2d 693]

No. 85-272

Present: Allen, C.J., Peck, J., and Barney, C.J. (Ret.) and Keyser, J. (Ret.), Specially Assigned

Opinion Filed February 12, 1988

*Spokes, Foley & Stitzel*, Burlington, for Appellants.

*Bernasconi & Koch*, Barre, for Appellee.

**Barney, C.J.** (Ret.), Specially Assigned. This is a zoning appeal involving variances from lot size and set-back requirements for three lots located in the City of Barre which are being developed by appellee Viateur Fecteau's construction company. Each variance was the subject of a separate proceeding before the local zoning board of adjustment. A number of neighboring property owners appealed the grant of these variances to the Washington Superior Court, which consolidated the appeals for review. That court upheld the granting of each variance by the zoning board. Two neighbors, Alfred Lunde and Nelberta Brink, appeal the trial court's decision. We reverse.

The lots in question lie side by side along a dead-end street, Lunde Lane, in the City of Barre. They are numbered 1, 3 and 5. Lot 1 contains 12,000 square feet, lot 3 contains 8,900 square feet and lot 5 contains 8,396 square feet. All of the lots slope sharply downward in the rear.

■ Section 5.14.03(a)(1) of the Barre zoning regulations requires a minimum lot size of 10,000 square feet and a set-back for residential building purposes of 30 feet from the street line. The regulations also permit the development of certain lots of less than minimum size, but only if that lot is "in individual and separate non-affiliated ownership from surrounding properties." *Id.* at § 5.1.05. This requirement is directly derived from the language of 24 V.S.A. § 4406(1).

The variances granted were, for lot 1, relief from the set-back requirement, and for lots 3 and 5, both relief from the set-back requirement and from the lot size limitation. We hold that the zoning board improperly granted lot size variances to lots 3 and 5. Since these lots were not separate as the regulations require, but contiguous, and under common ownership, they do not qualify under either the Barre ordinance or 24 V.S.A. § 4406(1). See *LeBlanc* v. *City of Barre*, 144 Vt. 369, 372, 477 A.2d 970, 971-72 (1984). That being so, the set-back variances are also unavailable because lots 3 and 5 are not separate building lots.

■ The only remaining issue relates to the set-back variance granted for lot 1. The application for this variance was made after the applicant had put a foundation in place on the lot. This foun-

dation was intended to be about 19 feet from the street line, as was the Lunde house on lot 7. By error, appellee's surveyor measured the set-back from the traveled portion of Lunde Lane rather than from the street line. This was called to the applicant's attention, and he applied for a variance to authorize the foundation as placed. The zoning board granted the variance, and the lower court confirmed the board's ruling.

The requirements for granting a variance are set out in 24 V.S.A. § 4468(a). There are five conditions which must be satisfied before a variance can be granted: (1) unique physical circumstances, including irregularity, shallowness of lot size, exceptional topographical or other physical conditions which cause undue hardship; (2) no possibility that the lot can be developed in strict conformance with zoning regulations and the variance is necessary to enable reasonable use of the property; (3) the unnecessary hardship cannot have been created by the applicant; (4) the variance must be such that the essential elements of the neighborhood will not be altered; and (5) the variance must be the minimum variance that will afford relief and represent the least deviation possible from the zoning regulations. It is our law that all of these standards must be met in order to sustain the granting of a zoning variance. *In re Maurice Memorials*, 142 Vt. 532, 536, 458 A.2d 1093, 1095 (1983).

Among the factors supporting the variance, such as unique physical conditions, size, steepness of the lots and the presence of ledge, the lower court found the surveying error in locating the foundation to be a unique circumstance and an unnecessary hardship creating a situation in which a variance under 24 V.S.A. § 4468 is appropriate. However, this is the sort of mishap for which the applicant must bear the responsibility. Hardship must originate from circumstances beyond the control of the property owner, and must be of the sort that does not generally affect properties in the same zoning district. See *Pollard* v. *Zoning Board of Appeals*, 186 Conn. 32, 39, 438 A.2d 1186, 1190 (1982). " '[A]ny hardship present in the situation is due to the property owner's own error, or the error of those employed by the owner, and does not arise from the application of the zoning regulations themselves.' " *Id.* at 41, 438 A.2d at 1191 (quoting *Highland Park, Inc.* v. *Zoning Board of Appeals*, 155 Conn. 40, 43, 229 A.2d 356, 357 (1967)). See also *Gardner* v. *City of Harahan*, 504 So. 2d 1107, 1110 (La. App. 1987) (hardship must not be of the sort that

can be said to be self-induced); accord *LeBlanc* v. *City of Barre*, 144 Vt. at 373, 477 A.2d at 972 (there can be no hardship exemption where the hardship complained of is caused by the property owner's own doing). Therefore, we conclude that the surveying error is the type of hardship that is self-created, and of the kind proscribed by 24 V.S.A. § 4468(a)(3). It is also evident that it is this stated "hardship" that located the set-back authorized by the variance. Without this element, the conclusion that the granted variance represents the least deviation possible from the zoning regulations is left without support. Thus, the variance as granted must also fall for lack of legal foundation.

*Reversed and remanded to the Washington Superior Court for an order consistent with the views expressed in this opinion.*