STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of Ran-Mar, Inc.     }
                                     }
                                     }   Docket No. 268-11-00 Vtec
                                     }
                                     }

Decision and Order on Appellant= s Motion for Summary Judgment

Appellants appealed from a decision of the Development Review Board (DRB) of the Town of Berlin denying its application for a boundary line adjustment. Appellant is represented by David R. Bookchin, Esq.; the Town is represented by Robert Halpert, Esq. Appellant has moved for summary judgment on the merits of its application.

The following facts are undisputed unless otherwise noted. Appellant owns a 1.67 acre parcel on the southerly side of U.S. Route 2 in Berlin (Lot 1). Lot 1 is adjoined on its westerly boundary by a 1.81 acre parcel (Lot 2) owned by R & G Properties, Inc., a wholly- owned subsidiary of Appellant. Both lots are located in the Highway Commercial zoning district. Appellant and its subsidiary purchased the lots at the same time; however, the lots have separate chains of title and the Town does not argue that they have merged under the Berlin Zoning Regulations. The configuration of buildings and uses existed on the property at the time appellant purchased the property; those buildings and uses predate the adoption of zoning in Berlin. Appellant supplied a plot plan of the two lots showing the present and the proposed boundary line, and showing one of the two buildings intersected by the present boundary line. However, the plot plan provided as Exhibit B does not show any of the mobile homes or mobile home lots located on Lot 2, and did not show the other structures located on either lot, if any, other than the commercial structure intersected by the property line, and a nearby pole barn.

The nine unit Eastwood Manor Mobile Home Park is a pre-existing, nonconforming use in the Highway Commercial district. The parties describe it as located on 1.5 acres, largely in Lot 2, although neither the present nor the proposed Lot 2 appears otherwise to be described as 1.5 acres. The parties seem to agree that the mobile home park is noncomplying due to setbacks, insufficient park area, site sizes, and average home lot area. However, without a plot plan showing where the 1.5 acres comes from, and showing the mobile home sites and mobile home locations, we cannot make that determination as to any specific mobile home site. The boundary line separating the two lots intersects two structures: a commercial building at the southerly section of the boundary line and a mobile home at the northerly section of the boundary line, however, the mobile home intersected by the present boundary line also is not shown on Exhibit B. The commercial building is noncomplying due to setbacks, although the setbacks are not shown on Exhibit B.

Appellant seeks to adjust the boundary line between the two lots so as to separate the commercial building and the mobile home park onto Lots 1 and 2, respectively. Appellant also seeks a variance, if one is necessary, but argues that a variance is not required.

Alteration to Noncomplying Use

Section 12 in Article II of the Zoning Regulations permits the enlargement or expansion of a nonconforming use, or the alteration in nonconformity of a noncomplying structure, if doing so will have no adverse effect to the community as guided by conditional use standards. The DRB and hence this Court, may impose conditions in the course of granting such a permit. However,

without a site plan similar to Exhibit B but showing the locations of all the structures, and the two boundary lines with their respective acreages, we cannot tell what effect the proposed alteration of the boundary line may have on the specific noncompliance occurring with the existing configuration.

It is entirely possible that summary judgment could be ruled upon if such an exhibit were supplied, but until such time, material facts are in dispute which preclude summary judgment on this issue.

We note that the Town argues that even if the boundary adjustment alone will have no adverse effect on the community, Appellant plans more intense uses of the separated lots which would have an adverse effect. However, such future plans are not before the Court. They will require future approval from the DRB if they constitute an expansion or enlargement of the nonconforming uses which will remain nonconforming after the boundary adjustment, and their adverse effects, if any, can be assessed at such future time. Whether the boundary adjustment is submitted on a renewed summary judgment or after an evidentiary hearing, we will consider solely the adverse effects on the community of the boundary adjustment, and not speculative future plans.

Variance

Appellant also seeks summary judgment that it is entitled to a variance, if one is necessary for the boundary line adjustment. A variance may not be necessary for the boundary line adjustment, as discussed above, but we are able to rule on summary judgment as to whether Appellant would qualify for a variance if one were necessary.

In order to qualify for a variance, an applicant must meet all five of the variance criteria. Appellant fails to meet at least the third criterion, as Appellant purchased the two properties in their present configuration. By purchasing the property knowing that the existing structures violated the setbacks and mobile home park requirements, Appellant is considered under the law to have created its own hardship. E.g., L & M Pike & Son, Inc. v. Town of Waterford, 130 Vt. 432 (1972); LeBlanc v. City of Barre, 144 Vt. 369 (1984).

Accordingly, based on the foregoing, Appellant= s Motion for Summary Judgment that it is entitled to a variance to accomplish the proposed boundary adjustment is DENIED, and Summary Judgment is GRANTED to the Town on that issue.

We will hold a telephone conference with the parties on June 1, 2001 to determine whether a hearing needs to be set for the merits of the ' II(12) application, or whether the parties prefer to submit additional materials and renew their motions for summary judgment. If they wish to do the latter, they may submit such materials and renewed motion so that they are received at the Court on or before May 31 (as we will not receive mail either on May 28 (the federal Memorial Day) or on May 30 (the state Memorial Day)), in which case the conference will be canceled.

Done at Barre, Vermont, this 10th day of May, 2001.

_____
Merideth Wright
Environmental Judge