# Robert T. Montgomery v. Town of Sherburne

[514 A.2d 702]

No. 84-562

Present: **Allen, C.J.,**[1] **Hill, Gibson and Hayes, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed June 27, 1986

*A. Jay Kenlan* and *James P. W. Goss* of *Abell & Kenlan, P.C.*, Rutland, for Plaintiff-Appellant.

*Langrock Sperry Parker & Wool*, Middlebury, for Defendant-Appellee.

**Hayes, J.** Plaintiff, Robert Montgomery, appeals a superior court order granting summary judgment to defendant, Town of Sherburne. We affirm.

In October, 1982, plaintiff received initial approval from the Sherburne Planning Commission to develop a condominium project. In February, 1983, the United States Postal Service, after advertising for bids regarding the relocation of the Sherburne Post Office, accepted plaintiff's bid to have the post office located on plaintiff's property. Plaintiff's arrangement with the Postal

---

[1] Chief Justice Allen sat for the argument in this case but did not participate in the decision.

Service is contained in an extensive "Agreement to Lease," which provides that plaintiff will construct a 1700 square foot building on the subject property, and that the Postal Service will sign a lease when construction is completed.

On October 20, 1983, the Sherburne Planning Commission denied plaintiff's request for site plan approval in regard to the proposed post office. The Planning Commission also issued, on the same date, an approval for plaintiff's overall development project, although it disapproved the intended post office as an unpermitted use in the district. On October 24, 1983, the Zoning Administrator denied plaintiff's application for a zoning permit for the post office. Plaintiff appealed the Planning Commission's actions to the Rutland Superior Court. The present appeal followed the superior court's grant of summary judgment to defendant.

I.

Plaintiff first argues that the portion of his project to be used as a United States Post Office is immune from land use regulation by the Town of Sherburne because that use is for a federal purpose which is exempt from municipal regulation under the doctrine of sovereign immunity. We disagree.

*United States* v. *Town of Windsor*, 496 F. Supp. 581 (D. Conn. 1980), provides us with guidance in the instant appeal. In *Windsor*, a private landowner contracted with the United States for construction of an experimental coal gasification project. The United States was to finance two-thirds of the project, while a private corporation was to finance the remainder. The land was leased to the United States, and all buildings were to become its property upon completion. At issue was whether the landowner needed to obtain a building permit before commencing construction. The court stated that "where the legal incidence of state or local . . . regulations does *not* fall on the Federal Government or its instrumentalities, enforcement of said requirements is not prohibited by the Supremacy Clause . . . ." *Id.* at 589 (emphasis in original). We agree with this approach.

In the instant case, the burden of local regulations does not fall on the Postal Service. The Postal Service is making no such claim, and is not even a party to these proceedings. Furthermore, the funding of plaintiff's project is to come solely from plaintiff, and the Postal Service will end up with no ownership interest. In

addition, the local regulations do not interfere with the Postal Service's ability to perform its governmental functions in Sherburne. Perhaps most importantly, however, the Postal Service itself pursued a policy of intergovernmental cooperation. It placed on plaintiff the burden of compliance with local zoning regulations, as revealed through the "Agreement to Lease." Rider 11 of that document states:

> To the extent this agreement is for construction, alteration and/or repairs, the lessor shall . . . (b) *Comply with any other applicable federal, state or local regulations . . . .* (Emphasis added).

Paragraph 15 of the General Conditions states:

> [T]he Lessor shall, without additional expense to the Postal Service, be responsible for obtaining *any necessary licenses and permits required for privately owned buildings . . . .* (Emphasis added).

Criteria 21 of the General Conditions states:

> All improvements, including new building(s) and all appurtenances thereto, shall be designed and constructed in conformity with *all applicable local laws, ordinances and regulations which relate to construction, safety and sanitation.* (Emphasis added).

The Postal Service also wrote a letter to plaintiff which stated that plaintiff had to comply with the local zoning ordinances before the Service would go forward under the "Agreement to Lease." This letter, coupled with the explicit terms of the lease agreement, indicates the Postal Service's expectation that plaintiff was to comply with all applicable local laws and regulations. In sum, plaintiff's argument that local regulations do not apply to that portion of his development to be used as a post office is exceedingly weak.

Plaintiff relies principally on one case, *Thanet Corp.* v. *Board of Adjustment of the Township of Princeton*, 108 N.J. Super. 65, 260 A.2d 1 (1969), to support his argument. The court in *Thanet* affirmed a lower court's ruling that the United States Government's lease of a tract for post office use conferred immunity on the post office facility from a township zoning ordinance.

*Thanet* is distinguishable from the present case. In *Thanet,* the United States, through the Post Office Department, executed an assignable ground lease agreement between it, as lessee, and the Thanet Corporation, as lessor landowner. In the present case, no final lease agreement was executed.

Even if *Thanet* were not distinguishable, we disagree with its holding and rationale. Judge Carton, concurring in *Thanet*, stated the better view of the case. He questioned the majority's implicit conclusion that a private owner may invoke governmental immunity from local zoning ordinances by leasing property to a superior governmental agency.[2] *Id.* at 67, 260 A.2d at 2. Judge Carton pointed out that the federal government was not a party to the action, and that it had not invoked immunity from the local zoning requirements. In the instant case, the United States is similarly postured. Thus, we are not persuaded by the *Thanet* decision where the claim of immunity is private and the federal government is not a party to the action.

Policy reasons support our view of this case. As Judge Carton correctly pointed out in *Thanet,* "[t]here is no need from a practical standpoint to extend to the lessor who deals with a government agency the same broad immunity to local municipal regulations which that agency itself might exercise." *Id.* at 71, 260 A.2d at 4; see also *Carroll* v. *Board of Adjustment of Jersey City,* 15 N.J. Super. 363, 367, 83 A.2d 448, 450 (1951) ("In the absence of overriding legislation to the contrary, the immunity which a governmental agency may have from use prohibitions contained in a zoning ordinance does not extend to a private owner, even though he leases the land to the governmental agency for such use."). We also agree with the following:

> There is no necessary conflict or friction, nor any reason for thwarting the local community in its efforts to maintain control over the orderly and planned development of the area within its borders. On the other hand, there is a grave danger that those efforts may be frustrated if the lease proce-

---

[2] In *Township of Washington* v. *Central Bergen Community Mental Health Center, Inc.,* 156 N.J. Super. 388, 407, 383 A.2d 1194, 1203 (1978) (citation omitted), another New Jersey superior court to consider the issue adopted Judge Carton's analysis, and stated that "the doctrine of immunity cannot be invoked by one not a governmental agency."

dure is sanctioned as a means of escaping all control from legitimate local government requirements. . . .

Indeed, the broad principle enunciated by the majority cannot fail to encourage private lessors to invoke governmental immunity through leasing arrangement with state or federal agencies, thereby avoiding local planning considerations and disregarding community sensibilities. Moreover, once the lease has terminated the community is likely to be left with the shell of a structure which can, as experience has only too often demonstrated, serve as the cornerstone for a hardship variance application, the granting of which may perpetuate or even magnify the discordant use. The structure remains in any event, a monument to the absence of cooperation between the community and the superseding governmental entity.

*Thanet, supra*, 108 N.J. Super. at 72-73, 260 A.2d at 5 (Carton, J., concurring).

■ We hold that where a governmental agency which may be entitled to exemption from state and local land use regulations is a lessee from a private lessor, the private lessor cannot claim governmental exemption, in the absence of a contrary legislative intent. Applying this rule to the facts of the present case, plaintiff's claim of exemption from municipal regulation based on the doctrine of sovereign immunity fails.

## II.

Plaintiff next argues that he was not required to appeal the adverse decision of the Zoning Administrator to the Board of Adjustment to preserve his application for a building permit. We disagree.

Under 24 V.S.A. § 4472(a):

[T]he *exclusive* remedy of an interested person with respect to any decision or act taken, or any failure to act, under this chapter or with respect to any one or more of the provisions of any plan or bylaw shall be the appeal to the board of adjustment under section 4464 of this title . . . . (Emphasis added).

Section 4464(a) provides that "[i]f the appeal is taken with respect to a decision or act of an administrative officer, such notice

of appeal *must be filed within fifteen days* of the date of such decision or act . . . ." (Emphasis added).

The Zoning Administrator denied plaintiff's application for a zoning permit for the post office on October 24, 1983. Plaintiff failed to appeal that decision within fifteen days to the Zoning Board of Adjustment. Thus, plaintiff has lost his right to a review of that determination.

*Affirmed.*