### Chester T. Blow v. Town of Berlin Zoning Administrator and Town of Berlin Zoning Board of Adjustment

[560 A.2d 378]

No. 87-155

Present: **Allen, C.J., Peck and Dooley, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed April 7, 1989

*T. Christopher Greene* of *Richard E. Davis Associates, Inc.*, Barre, for Plaintiff-Appellant.

*C. James Mathis* of *Kurrle & Halpert*, Montpelier, for Defendant-Appellee.

**Dooley, J.** Plaintiff, lot owner, appeals from a superior court judgment affirming the denial by the Berlin Zoning Board of Adjustment of a variance from the front and rear setback requirements of the Berlin zoning ordinance. We affirm.

According to the facts stipulated in the superior court, applicant acquired a building lot on the Barre-Montpelier Road in Berlin in 1970 (Lot A) prior to the Town's adoption of a zoning ordinance, and acquired a second, contiguous lot in 1981 (Lot B), following adoption of zoning by the Town. He proposed to erect a commercial buiding on Lot A, with parking on Lot B. Because the building on Lot A failed to meet the setback requirements under the zoning ordinance, plaintiff sought a variance, based on a stipulation with the zoning adminstrator that Lot A by itself constituted an "existing small lot" under Article III, § 2 of the ordinance, which is mandated by 24 V.S.A. § 4406 and is substantially identical to § 4406(1). Article III, § 2 states:

> Any lot in individual and separate and nonaffiliated ownership from surrounding properties in existence on the effective date of these regulations may be developed for the purposes permitted in the district in which it is located, even though not conforming to minimum lot size requirements, if such lot is not less than one-eighth acre in area with a minimum width or depth dimension of 40 feet.

The Zoning Board of Adjustment denied the application, concluding that "the proposed building could be relocated on the existing lot [Lot A] in a way which would minimize the required variance" and that the variance was "not necessary to enable the reasonable use of the property." Plaintiff appealed to the Washington Superior Court, which affirmed and denied a motion for reconsideration,

The trial court decision is based in part on different grounds from the zoning board decision. The trial court concluded that Lot A is not entitled to the status of an existing small lot because it was not in "individual and separate and nonaffiliated ownership from surrounding properties" on the date of the variance request because of plaintiff's ownership of Lot B. As a result, the court determined that plaintiff had to use Lot B to obviate the asserted hardship by placing part of the building on Lot B. The court noted, in support of its conclusion, that plaintiff's application included plans for both lots.

On appeal, plaintiff attacks the trial court's holding that Lot A was not an existing small lot, asserting that the court's holding is inconsistent with the stipulated facts and based on an erroneous construction of Article III, § 2 of the zoning ordinance and 24 V.S.A. § 4406. Because plaintiff has misperceived his burden in a zoning variance case, we find that he has failed to show grounds to reverse the trial court even if we agree with him on the issues he has briefed.

Plaintiff has framed this case as involving a simple legal issue—whether or not Lot A is an existing small lot. See *LeBlanc* v. *City of Barre,* 144 Vt. 369, 477 A.2d 970 (1984). In plaintiff's view, if Lot A is an existing small lot within the ordinance and the statute, he is entitled to the requested zoning variance.[1] This latter proposition is erroneous.

A zoning variance must be based on a showing of conformance with each of the five statutory criteria set forth in 24 V.S.A. § 4468(a). See *In re Fecteau,* 149 Vt. 319, 321, 543 A.2d 693, 695 (1988); *In re Ray Reilly Tire Mart, Inc.,* 141 Vt. 330, 332, 449 A.2d 910, 911 (1982) (all variances of whatever type must meet the five criteria). An essential compontent of the criteria is unnecessary hardship. See *L.M. Pike & Son, Inc.* v. *Town of Waterford,* 130 Vt. 432, 436, 296 A.2d 262, 265 (1972). In assessing the five criteria, the board or court must look at all of the applicant's property, not solely that part included in the variance request. *In re McDonald's Corp.,* 151 Vt. 346, 349, 560 A.2d 362, 364 (1989). The fact that a part of the property is an existing small lot or that another part is purchased later cannot be determinative of a variance request. Indeed, these factors are not even mentioned in the variance statute.

The first variance criterion of the statute requires that "unnecessary hardship" exist because of "unique physical circumstances or conditions" peculiar to the property. 24 V.S.A. § 4468(a)(1). The trial court concluded that no unnecessary hardship was shown because plaintiff could build part of his building on Lot B. The trial court's conclusions are supported by the findings and

---

[1]Plaintiff also appears to have argued in the trial court that no setback requirements are applicable to an existing small lot. That issue of construction of the zoning ordinance was not raised to the zoning board—the application to the board was solely for a variance. Thus the issue was waived. See *In re Cumberland Farms, Inc.,* 151 Vt. 59, 60 n.1, 557 A.2d 486, 487 n.1 (1989); cf. *Montgomery* v. *Town of Sherburne,* 147 Vt. 191, 196, 514 A.2d 702, 705 (1986).

are consistent with the statute, See *In re Cumberland Farms, Inc.,* 151 Vt. at 61-62, 557 A.2d at 488. There was no error in the denial of the variance.[2]

Even if the trial court had erred by considering the availability of Lot B, plaintiff still has not shown grounds for reversal. Appeals from zoning boards to superior court are de novo. 24 V.S.A. § 4472(a). As this Court stated in *In re Poole,* 136 Vt. 242, 245, 388 A.2d 422, 424 (1978):

> A de novo hearing is one where the case is heard as though no action whatever had been held prior thereto. All of the evidence is heard anew, and the probative effect determined by the appellate tribunal (superior court here) as though no decision had been previously rendered.

In this case, the only evidence before the trial court was a stipulation of facts. That stipulation failed to provide evidence upon which the trial court could make the required findings in conformance with the five statutory criteria. See 24 V.S.A. § 4468(a) (variance allowed only if "all the following facts are found and the finding is specified in [the Board's] decision"). As an example, the second criterion requires that there be "no possibility" that the property can be developed in "strict conformity" with the zoning ordinance. 24 V.S.A. § 4468(a)(2). The stipulation shows that plaintiff cannot build his proposed building on Lot A without a setback variance but shows nothing about whether an alternative development is possible without the variance. This deficiency alone requires denial of the variance. See *Gadhue* v. *Marcotte,* 141 Vt. 238, 240, 446 A.2d 375, 376 (1982) (variance should be denied "if any reasonable use can be made of the property which is in strict conformity with the zoning regulations").

*Affirmed.*

---

[2] Denial of the variance could also have been premised on the second, third and fifth criteria since the property can be developed in conformance with the setback requirements, any hardship is self-created and the variance requested was not the minimum necessary. See 24 V.S.A. § 4468(a)(2), (3), (5); *In re Fecteau,* 149 Vt. at 321-22, 543 A.2d at 695; *LeBlanc* v. *City of Barre,* 144 Vt. at 373, 477 A.2d at 972.