Carole Darling KASHNER v. GREENSBORO ZONING BOARD OF ADJUSTMENT, Helen Lyle, Interested Person, Mary F., Zoe F., Elizabeth F. Carter, Sarah Dulany Barron, Interested Persons

[772 A.2d 133]

No. 98-566

July 19, 2000. Appellant neighbors, the Carters, appeal from an Orleans Superior Court decision granting appellee, Carole Kashner, a variance to build a summer home. Appellants argue that the court erred in reversing the Greensboro Zoning Board of Adjustment's denial of Kashner's variance request. We reverse.

The superior court found the following facts. Kashner owns three lots of land in Greensboro, on or near the shore of Caspian Lake. These lots are numbered 28 and 29, and there is an unnumbered lot situated adjacent to Lot 28 and between Lots 28 and 29. Lot 29 is the parcel at issue in the instant case. It is bordered on two sides by neighbors' property, including the Carters', by the lake on another side, and on a final side by an easement providing unencumbered access for all neighbors known as the "camp road." The camp road runs between Lot 29 and the unnumbered lot, and physically separates the two lots.

In October 1991, Kashner applied for a building permit to construct a seasonal two-story single-family dwelling on Lot 29. She filed a variance application to build "50 feet from the lake shore (or as close to the lake allowable)." Construction of this building required a variance from the 150-foot lakefront setback requirement codified in the Greensboro Zoning Ordinance § 405.2. At a hearing later that month, Kashner's attorney argued that the configuration of Lot 29 predated the 1972 effective date of Greensboro's zoning regulations. The Board, noting that Kashner's counsel had not done any title work and that it could find no record supporting Kashner's argument, rejected the argument and concluded that the lot did not come under the zoning ordinance's grandfather clause. The Board found that there was no basis for a variance allowing Kashner to build on Lot 29:

> Mrs. Kashner owns enough property behind this particular lot that adjoins. The contiguous lots total 1.26 acres. With this amount of property all setbacks could be met and septic systems could be constructed to State regulations.

The Board then examined the criteria for zoning variances as set forth in 24 V.S.A. § 4468(a). It concluded that no unique physical characteristics peculiar to the particular property prevented the lot from being developed in strict conformance with the zoning regulations. Accord-

ingly, the Board denied the variance application.

After a long delay, Kashner appealed the Board's denial to the superior court,[1] and a trial was held in August 1997. At trial, Kashner testified on her own behalf, and the Carters put on three witnesses: a surveyor, a soil scientist, and Elizabeth Carter. The court also viewed the lots, though the Carters claim it did not record any observations based on this viewing and provided the parties no opportunity to object to or comment upon any proposed findings based on that viewing.

In November 1998, the court issued its decision. Although the court did not grant Kashner the variance for which she had originally applied, it concluded that she was entitled to relief and fashioned a judgment that, it said, "represent[ed] the minimum variance that will afford relief while representing the least deviation possible from the applicable zoning regulation and municipal plan." Specifically, it significantly reduced the size of the proposed dwelling and moved it to a distance of at least one-hundred feet from the shoreline. The court did not remand the conditioned variance to the Board.

The Carters appeal to this Court, arguing that the superior court erred: (1) in granting the variance in the absence of supporting evidence; (2) in granting a variance different from the one Kashner originally submitted without remanding the matter for a public hearing; and (3) in holding that the lot at issue was not in affiliated ownership with nearby lots upon which the project could be constructed.[2]

We do not address appellants' arguments because we conclude that the trial court erred in its formulation of the controlling issue in this case. According to the court, the "central question" presented was:

> [W]hether Ms. Kashner's Lot #29 is an existing small lot, in individual and separate and non-affiliated ownership, predating the enactment of the applicable zoning ordinances, and thus entitled to variance to permit construction of a single family dwelling even though such would not conform to dimensional requirements of the ordinance.

The court's analysis apparently assumes that the fact that a part of the property owned by Kashner is an existing small lot is the determinative factor in deciding whether a variance is in conformance with the five statutory criteria of 24 V.S.A. § 4468(a). But "[t]he fact that a part of the property is an existing small lot or that another part is purchased later cannot be determinative of a variance request. Indeed, these factors are not even mentioned in the variance statute." *Blow v. Town of Berlin Zoning Administrator,* 151 Vt. 333, 335, 560 A.2d 378, 379 (1989). In assessing the five criteria, the court must look at all of the applicant's property, not solely that part included in the variance request. See *id.*; see also *In*

---

[1] Since this case began before the Legislature consolidated jurisdiction over all zoning cases to the environmental court in 1995, the superior court had jurisdiction to hear Kashner's appeal. See 4 V.S.A. § 1001.

[2] Another neighbor, Mrs. John Gunther, filed an amicus curiae brief, essentially

agreeing with the Carters and adding that the conditioned variance would have more of an impact on her land than the variance for which Kashner applied, and that due process required a remand to the Board because Gunther was misled into inaction by the unanticipated change granted by the court. Our decision renders it unnecessary to address the merits of the amicus's argument.

*re McDonald's Corp.*, 151 Vt. 346, 350, 560 A.2d 362, 364 (1989).

In the instant case, the trial court failed to look at all of the applicant's property, instead considering only Kashner's variance request as it related to Lot 29. See *Blow*, 151 Vt. at 335, 560 A.2d at 379. This was erroneous because, as the Board found, Kashner owns Lot 28 and the unnumbered lot, which could be built upon in conformance with the zoning regulations. Thus, Kashner cannot claim that there is no possibility that the property can be developed in strict conformity with the zoning ordinance; indeed, the hardship here was created by Kashner's decision to build on Lot 29.

Kashner argues that applications for a permit to develop a § 4406(1) existing small lot do not have to satisfy the five criteria of § 4468(a). As we said in *Blow*, "[t]his . . . proposition is erroneous." *Id.* In the instant case, as in *Blow*, nothing in § 4406(1) entitles Kashner to the requested zoning variance simply because it is an existing small lot, if, in looking at all of applicant's property, it can be shown that the property could be developed without a variance. See *id.* at 335-36, 560 A.2d at 379; *Lubinsky v. Fair Haven Zoning Board*, 148 Vt. 47, 51, 527 A.2d 227, 229 (1986) (describing § 4406(1) as "a sort of limited grandfather clause allowing for limited development on previously laid-out lots that is not seen as unduly disruptive of the desired ends of zoning").

An essential component of the statutory criteria that must be met for a variance is unnecessary hardship. See *Blow*, 151 Vt. at 335, 560 A.2d at 379; *L.M. Pike & Son, Inc. v. Town of Waterford*, 130 Vt. 432, 436; 296 A.2d 262, 265 (1972). That hardship cannot be demonstrated here where the court failed to consider all of the applicant's property in assessing her application for a variance.

*Reversed.*

Motion for reargument denied March 19, 2001.

