**STATE OF VERMONT**
**ENVIRONMENTAL COURT**

| | | |
|---|---|---|
| | } | |
| Barth Variance Application | } | Docket No. 160-8-07 Vtec |
| | } | |

## Decision on Town Summary Judgment Motion

Appellant John E. Barth, Jr. appealed from a decision of the Town of St. George Development Review Board ("DRB"), denying his variance request to construct a detached four-car garage inside the rear and side yard setback areas of his residential property. Appellant is pro se; Appellee Town of St. George ("Town") is represented by John H. Klesch, Esq.

The Town has filed a motion for summary judgment, alleging that because Appellant's application cannot meet the applicable variance criteria, summary judgment should be entered against his variance request and building application. Appellant opposes the motion.

### Factual Background[1]

1.      John E. Barth, Jr. ("Appellant") owns property at 4722 Oak Hill Road. The parcel was once almost entirely located within the neighboring Town of Williston. However, an adjustment in the boundary line between Williston and St. George resulted in properties belonging to Mr. Barth and his neighbors being dissected by the adjusted joint town boundary line.

2.      Appellant occupies his home with his wife and children. The property is currently improved with a single family residence. Appellant's existing home and proposed garage are located on the St. George side of the common boundary line. The property is accessed by a shared driveway that enters the property from Williston.

3.      The 1.84± acre Barth parcel is shaped like a trapezoid and slopes up to the rear of the lot, with a change in elevation of about fifty feet. The Barth lot and the existing home are accessed by a driveway that is shared with the neighbor to the north, Maria Wicker. The Barth lot, its current improvements, proposed garage and the adjoining properties are shown on "Arial Photo

---

[1] All facts recited or referenced here are undisputed unless otherwise noted. For purposes of the motion for summary judgment only, we view the material facts in a light most favorable to the non-moving parties. V.R.C.P. 56(c). We are not yet at the stage of making specific factual findings. Thus, our recitation here should not be regarded as factual findings. See Blake v. Nationwide Ins. Co., 2006 VT 48, ¶ 21, 180 Vt. 14, 24, citing Fritzen v. Trudell Consulting Eng'rs, Inc., 170 Vt. 632, 633 (2000)(mem.).

#4 – Proposed Garage" that was filed by Appellant and appears to be a rendering from Google Earth. A copy is attached to this Decision for the readers' reference.

4. The regulations in effect at the time of Appellant's application were the St. George Zoning Regulations ("Regulations"), last amended in 2005.

5. In April of 2007, Appellant applied to the Town of St. George Zoning Administrator ("ZA") for a zoning permit to construct a detached four-car garage on the property, measuring thirty feet by forty-five feet. He proposed to construct the garage entirely within the Town of St. George portion of the property, inside the Town's Limited Development District. The proposed garage is located fifteen feet from the property's rear yard boundary line and fifteen feet[2] from the side yard boundary line.

6. The Limited Development District includes minimum thirty-five foot side and rear yard setback dimensional requirements. Regulations § 730.4.

7. In his recent court filings, Appellant presented several reasons why the proposed garage and its location are desirable, including its screened location and the ability to store vehicles and boats in the garage and out of the view of his neighbors. Appellant also represented that his wife suffers from several medical ailments, the suffering from which would be eased by having the proposed garage available for her use. None of these representations have been contested by the Town.

8. In the record before us, there has not been specific evidence presented as to why the proposed garage must encroach into the side and rear yard setbacks, nor has there been evidence presented as to why it must be so large and could not possibly be moved further south and east on the lot,[3] so as to eliminate the setback encroachments.

9. In May of 2007, the ZA advised Appellant that the fifteen foot setback distances for the proposed garage would violate the applicable minimum setback requirements.

10. Appellant then sought a variance from the DRB in order to construct the garage inside the applicable side and rear yard setbacks. After notice and warning, the DRB convened in June and July of 2007 to review Appellant's variance request.

---

[2] The zoning permit application indicated a request for approval of a fifteen foot side yard setback, but the site plan sketch attached to the application showed the proposed distance from the side yard boundary to be twenty-five feet. The subsequently filed variance application affirms that the proposal is for a fifteen food side yard setback.

[3] The location of the proposed garage need only be adjusted by twenty feet in each direction to be in compliance with the Regulations. Appellant has not offered an explanation for why this cannot be done, nor why an adequate garage at another location on his property could not be built in compliance with the Regulations.

11. In August of 2007, the DRB issued a decision denying the variance request. Appellant then appealed to this Court.

## Discussion

Appellant proposes to construct a new garage fifteen feet from the side and rear boundary lines in a zoning district that requires a minimum thirty-five foot setback. His proposal to construct a new garage within the setback requirements necessitates a variance. The need for a variance is undisputed in this case.

Any analysis of a municipal variance request should begin with a reminder that conformance with the applicable zoning regulations, including setback requirements, should be the first goal. Variances are generally disfavored since they represent "exceptions to generally applicable rules of zoning," In re Mutschler, Canning and Wilkins, 2006 VT 43, ¶ 7. Variances, when granted, provide "an escape hatch from the literal terms of an ordinance." Lincourt v. Zoning Bd. of Review, 201 A.2d 482, 485-86 (R.I. 1964).

Appellant here concedes that his proposed four-bay garage, as currently sited, requires a variance; he requested a variance from the DRB. The sole foundation for the legal issues raised in his Statement of Questions is his challenge to the DRB's variance determinations. All parties agree that a variance is required. Therefore, the sole legal issue presented by this appeal is whether the variance should be granted.[4]

In this de novo appeal, the Town has moved for summary judgment on all issues raised by Appellant.[5] Summary judgment is appropriate only "when there are no genuine issues of material fact and, viewing the evidence in a light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law." In re Carter, 2004 VT 21, ¶ 6 (citation omitted); V.R.C.P. 56(c). We review the Town's pending motion in this light.

To qualify for a variance, an applicant must satisfy each of the five criteria enumerated in 24 V.S.A. § 4469(a).[6] In the context of the Town's pre trial motion, we must determine if there are any facts now before us that could allow this Court to conclude that Appellant could satisfy his burden of proving conformance with each of the five variance criteria. A variance "applicant

---

[4] The Town does not appear to dispute that Appellant's application to build the proposed garage need only receive the requested variances to be otherwise in full conformance with the Regulations.

[5] The Court notes that the Statement of Questions filed by the Appellant, representing himself, are not in a proper format according to our procedural rules. However, the Town has not moved for clarification.

[6] See Regulations § 900, which incorporates by reference the statutory variance criteria in the Vermont Planning and Development Act (i.e., 24 V.S.A., Chapter 117, of which § 4469(a) is included).

bears the burden of providing evidence sufficient to support a finding with respect to each of the five criteria," and "if just one criterion is not satisfied the variance must be denied." In re Mutschler, 2006 VT 43, ¶9 (citations omitted). We must therefore search the record before us to determine whether there are sufficient facts, viewed in a light most favorable to Appellant and ignoring all contravening facts, to allow us to conclude that it is possible for Appellant to satisfy the variance criteria at trial. Blow v. Town of Berlin Zoning Adm'r, 151 Vt. 333, 335 (1989).

The five criteria from 24 V.S.A. § 4469(a) that must be met before a variance may be issued are:

(1) That there are unique physical circumstances or conditions, including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property, and that unnecessary hardship is due to such conditions, and not the circumstances or conditions generally created by the provisions of the zoning regulation in the neighborhood or district in which the property is located;

(2) That because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the zoning regulation and that the authorization of a variance is therefore necessary to enable the reasonable use of the property;

(3) That the unnecessary hardship has not been created by the appellant;

(4) That the variance, if authorized, will not alter the essential character of the neighborhood or district in which the property is located, substantially or permanently impair the appropriate use or development of adjacent property, reduce access to renewable energy resources, nor be detrimental to the public welfare; and

(5) That the variance, if authorized, will represent the minimum variance that will afford relief and will represent the least deviation possible from the zoning regulation and from the plan.

If any one of these criteria cannot be met, the variance request must be denied. Blow v. Town of Berlin, supra. The evidence presented before us, even when viewed in a light most favorable to Appellant, is insufficient to satisfy several of these variance criteria. Primarily, Appellant has failed to demonstrate that there are unique physical conditions on the property causing unnecessary hardship. As the first criterion demonstrates, the first step is to analyze the physical characteristics of the property. Here, Appellant describes the property as a 1.84± acre already-improved parcel that slopes from the front to the rear, with the house approximately in the center of the lot. The slope on the property enables a view from the residence overlooking Lake Iroquois. Several neighboring properties have similar topography.

4

Appellant has not alleged that the property is uniquely irregular, narrow, or shallow, particularly to such an extent as to prohibit further development in strict conformity with the Regulations.[7] Appellant leaves us to assume that the exceptional topography has caused a hardship, but his representations are lacking any specificity upon which this Court could rely in concluding that no development in conformance with the Regulations could be had.[8]

Exceptional topography that satisfies the first variance criteria of 24 V.S.A. § 4469(a) is a fact specific determination which must be made on a case-by-case basis. Here, Appellant has not put forth evidence in response to the Town's summary judgment motion that the topography on his property is so extreme as to prohibit further development in conformity with the Regulations. One might assume that the existing residence is constructed on the only topographically feasible location. Appellant's own statements, however, demonstrate the contrary. He has made several representations in his opposition to the Town's summary judgment motion that other locations on his property exist for the garage but, due to aesthetic or financial reasons, are not optimal. These admissions affirm that there remain other locations on Appellant's property which could host construction in conformance with the setback requirements. We must therefore conclude that the evidence presented, even when viewed in a light most favorable to Appellant, does not disclose unique physical characteristics on the property causing undue hardship.

The second criterion from § 4469(a) requires an applicant to demonstrate that there is no possibility that the property can be developed in strict conformity with the provisions of the Regulations. Appellant makes several references in his opposition memorandum to opinion letters submitted by neighbors in support of the garage's proposed location. Appellant goes on to represent that "clearly the same structure could be built on the Williston [portion of my] lot without [a] variance, but that would not make sense to me or my neighbors." Appellant's Opposition to Summary Judgment at 3.

Appellant also represents that we should conclude that the term "reasonable," as used in 24 V.S.A. § 4469(a)(2), has been met because subjective minds agree that the location of the new

---

[7] Appellant also complains that, prior to the adjustment in the town boundary line between Williston and St. George, his property was in a zoning district that allowed side and rear yard setbacks as narrow as fifteen feet. While this may be true, this appeal is not the forum for challenging the propriety of the already-completed town boundary line adjustment. We are charged in this appeal with determining whether the pending variance and building requests conform with the St. George Zoning Regulations.

[8] The Town rightly notes that Appellant's property has already been developed in conformity with the then-existing zoning regulations.

garage is showing sound judgment. However, Appellant misses the purpose of the criterion. Whether a proposed location for construction is reasonable is determined by an objective analysis of the property as a whole, and not by the personal, financial, aesthetic or other impacts upon individual applicants and neighbors. Appellant admits that alternative sites on his property could be utilized in strict conformity with the provisions of the applicable zoning regulation. Therefore, we must conclude that the second variance criterion is not satisfied.

Appellant's desire to construct the garage in order to ease the medical symptoms for his wife is commendable; the Town offers no dispute to the merits of this motive. However, such a motive for construction is generally not germane to a variance request. A variance is granted or denied based on the characteristics of the property and not the impact upon the individual owner. "[A] variance is granted on proof of circumstances peculiar to the land of the applicant, not on the ground that the applicant has a special problem. A variance is granted, not as a right vested in the applicant, but as a right of use which applies to and runs with specific land." K. Young, Anderson's American Law of Zoning § 20.71 (4th ed. 1996). Therefore, location of the garage in the setback areas, even if warranted to facilitate handicap access and to preserve property values, cannot be relied upon as a foundation for granting a variance request because "personal inconvenience cannot be the basis for a variance." In re: Hartwell and Egri Variance Appeal, Docket No. 114-6-05 Vtec, slip op at 4 (Vt. Envtl. Ct., Oct. 2, 2006) (quoting Sorg v. North Hero Bd. Of Adjustment, 135 Vt. 423, 426 (1977)).

Additionally, because other locations on the property exist in which a garage could be constructed without encroaching on the setbacks,[9] there appears to be insufficient evidence on the record now before us to conclude that the third and fifth variance criterion can be satisfied. The third criterion requires an applicant to demonstrate that the purported hardship was not self created. Because Appellant here chose the location and size for the proposed garage, and offered no specific evidence as to why a compliant garage couldn't be built, we must conclude that the complained-of hardship is self-created. The fifth criterion requires the applicant to demonstrate that the requested variance would enable the minimum deviation from the Regulations. Here, alternative locations exist for a garage that would comply with the setback requirements. Therefore, the proposal does not demonstrate the minimum variance that will afford relief.

---

[9] We are also left to wonder whether slight adjustments in the location or size in the proposed garage would allow it to comply with the setback requirements.

Appellant has failed to provide a demonstration of the evidence this Court could rely upon in determining that any four of the above-mentioned variance criteria could be satisfied. We must therefore conclude that it would not be possible for a variance to be granted in this instance.

## **Conclusion**

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that the Town's motion for summary judgment is **GRANTED**. The consequence of our determination is that Appellant Barth's variance request is **DENIED** at this time, as a matter of law.

A Judgment Order accompanies this Decision. This concludes the proceedings before this Court in this appeal.

Done at Berlin, Vermont, this 5th day of March, 2008.

_____
Thomas S. Durkin, Environmental Judge