## STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | ENVIRONMENTAL DIVISION |
| Vermont Unit | Docket No. 110-8-14 Vtec |

| | |
|---|---|
| LeGrand & Scata Variance Application | DECISION ON MOTION |

### Decision on Motion for Summary Judgment

This matter concerns the property at 2 Railroad Street in Troy, Vermont ("Property") and the application by Paul LeGrand and Donna Scata ("Applicants") for a variance to allow installation of a mobile home within both of the side yard setbacks. Applicants appealed the Town of Troy Zoning Board of Adjustment ("ZBA") decision dated July 22, 2014 denying their application, and filed a Statement of Questions containing six Questions mirroring the criteria for a variance under 24 V.S.A. § 4469(a). Now before the Court is Applicants' motion for summary judgment seeking judgment as a matter of law in their favor as to all variance criteria.

Applicants are represented in this appeal by Paul S. Gillies, Esq. The Town of Troy ("Town") is represented by Sara D. Coe, Esq.

### Factual Background

For the sole purpose of putting the pending motion into context the Court recites the following facts which it understands to be undisputed:

1.      Applicants Paul LeGrand and Donna Scata own an approximately 8,600 square foot lot at 2 Railroad Street in Troy, Vermont.[1] The Property is in the Village Zoning District.

---

[1] The Town appears to dispute Applicants' assertion as to lot size, but a close review of the Town's representations leads the Court to conclude that the parties are not necessarily in disagreement. In its Statement of Material Facts (filed Dec. 10, 2014), the Town does not dispute Applicants' representation that their property is 0.2± acres, or 8,600 square feet in size; rather, the Town represents that "the [portion of the] lot that is outside of the roadway is 210' by 62.35' by 157.75'," as depicted on a copy of a portion of the Town tax map attached thereto as Exhibit A.

In reply, Applicants suggest that the Town is asserting that their property is much smaller than they represent that it is. We do not see the Town's representations as contradicting Applicants. Rather, the Town is suggesting that the Court focus on the usable portion of Applicants' property. See In re Bailey, 178 Vt. 614, 615 (2005) (concluding that the portion of an applicant's property that is occupied by a town roadway may not be regarded as the "lot" to be developed, since "land under a road is already developed and for a use incompatible with other uses by the owner"). However, since there is no suggestion in the pending appeal that Applicants' property is so undersized as to prohibit development, we decline to analyze Applicants' proposed development further under the precedent of Bailey.

1

2. The Property is located at the intersection of Railroad Street and Hill Street, with Hill Street forming the northern boundary and Railroad Street forming the western boundary. See Exhibit A to the Town of Troy's Statement of Material Facts, which is a copy of a portion of the Town of Troy tax map that depicts Applicants' property.

3. The third boundary of Applicants' property runs from its southern point on Railroad Street to its most easterly point on High Street. Along this southerly boundary is a 49.5±-foot wide parcel of land owned or controlled by the Town; it is sometimes referred to as Main Street Extension or Cross Street. Although not specifically stated by the parties, it appears that Main Street Extension, a/k/a Cross Street, has not yet been developed or laid out as a town roadway; Applicants represent that the parcel is "not presently used by the town for anything more than piling snow plowed northerly from Main Street." (Applicants' Statement of Material Facts (Revised) at 2).

4. At or just south of Applicants' property, Railroad Street becomes South Street, which then passes by the Town of Troy United States Post Office. Id.

5. According to Applicants' representation, which the Town does not specifically dispute, the Property is shaped like an isosceles triangle; the two long sides measure 210 feet; one along the border with Hill Street and the other on the border with Main Street Extension. The short side of Applicants' triangular-shaped parcel measures 86 feet and is parallel to Railroad and South Streets. The northwesterly corner of the property is located at the junction of Railroad and High Streets and depicts an approximate 90° angle.

6. Applicants purchased the Property in its current configuration and have not altered its boundaries.

7. A single family dwelling is a permitted use in the Village District.

8. Approximately one-third of the Property, in the area where Hill Street and Main Street Extension intersect, slopes steeply downwards and away from the rest of the Property.

9. Applicants seek to install a mobile home on the Property measuring 14 feet by 56 feet. This structure will be sited such that the short ends are located 30 feet from the Property's western boundary along South Street (the front yard) and 50 feet from the eastern boundary where the Property comes to a point along Hill Street (the rear yard). The long side of the home closest to Hill Street will be located 25 feet from Hill Street on the western end and 15

2

feet from Hill Street on the eastern end; the long side closest to Main Street Extension will be located without any setback respected from the southern boundary.

10.     The setback requirements in the Village District are 30 feet for the front yard and 20 feet for the rear and side yards.

11.     The proposed location for the mobile home will respect the 30-foot front-yard setback and 20-foot rear-yard setback, but will be within the 20-foot side-yard setbacks by 5 feet on the northern side of the structure at its eastern-most end and by the entire 20-foot setback from the southern side of the structure.

**Discussion**

Applicants move for summary judgment in their favor on all six Questions, which mirror the criteria for a variance listed in 24 V.S.A. § 4469(a).[2]  They argue that there are no facts in dispute that are material to the resolution of those Questions and that they are entitled to a variance as a matter of law.  The Town opposes Applicants' motion, arguing that the application does not meet all five criteria listed in 24 V.S.A. § 4469(a).

**I.      Summary Judgment Standard**

The Court will grant summary judgment to a moving party upon a showing that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  V.R.C.P. 56(a).  We must "accept as true the [factual] allegations made in opposition to the motion for summary judgment" and give the non-moving party the benefit of all reasonable doubts and inferences.  Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356 (internal citation omitted); see V.R.C.P. 56(c) (laying out summary judgment procedures).

If the responding party "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact," the Court may "consider the fact undisputed for purposes of the motion."  V.R.C.P. 56(e)(2).  The Court "need consider only the materials cited in the required statements of fact, but it may consider other materials in the record."  V.R.C.P. 56(c)(3).

---

[2]  Question 1 in Applicants' Statement of Questions (filed Aug. 6, 2014) asks the general question of whether "a variance should be granted to Applicants from minimum setbacks on an undersized, pre-existing, nonconforming lot."  Applicants' Statement of Questions at 1.  The remaining five Questions (Nos. 2 -6) in Applicants' Statement of Questions mirror the five criteria of 24 V.S.A § 4469(a)(1)–(5) and the Town of Troy Zoning bylaws § 512(1)–(5).

## II.       Applicants' Questions

Applicants argue that their application satisfies the variance criteria prescribed by 24 V.S.A. § 4469(a), which is replicated in § 512 of the Town of Troy Zoning Bylaws ("Bylaws").  In opposition to their motion, the Town argues that Applicants cannot satisfy four of the five criteria and that their motion for summary judgment must therefore be denied as a matter of law.

To receive a variance from conformance with applicable zoning requirements, an applicant must satisfy all five statutorily-established criteria.  See Blow v. Town of Berlin Zoning Adm'r., 151 Vt. 333, 335 (1989) (citations omitted) (referencing 24 V.S.A. § 4468(a), which was the predecessor to § 4469(a)).  Thus, when an applicant cannot satisfy any one of the criteria, the variance application must be denied as a matter of law.  E.g., In re Ray Reilly Tire Mart, 141 Vt. 330, 332 (1982); see Blow, 151 Vt. at 336.  With this standard in mind, we review the variance criteria, which mirror Applicants' Questions:

> (1) There are unique physical circumstances or conditions, including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property, and that unnecessary hardship is due to these conditions, and not the circumstances or conditions generally created by the provisions of the bylaw in the neighborhood or district in which the property is located.
>
> (2) Because of these physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the bylaw, and that the authorization of a variance is therefore necessary to enable the reasonable use of the property.
>
> (3) Unnecessary hardship has not been created by the appellant.
>
> (4) The variance, if authorized, will not alter the essential character of the neighborhood or district in which the property is located, substantially or permanently impair the appropriate use or development of adjacent property, reduce access to renewable energy resources, or be detrimental to the public welfare.
>
> (5) The variance, if authorized, will represent the minimum variance that will afford relief and will represent the least deviation possible from the bylaw and from the plan.

24 V.S.A. § 4469(a); Bylaws § 512.

The Town specifically contends that Applicants do not satisfy criteria (2), (3), (4), or (5). The Town argues that the Property could be developed in strict conformity with the Bylaws

4

because there are both alternative structures and alternative locations for the proposed structure; that there has been no "unnecessary hardship" because it was not necessary for Applicants to purchase the Property knowing that they may not be able to install the proposed mobile home; that a variance would impair the use of the adjacent property (Main Street Extension), may be detrimental to the public welfare, and could place occupants of the home in danger; and that having no setback along Main Street Extension is not the minimum variance that will afford relief.

In response, Applicants offered no new support for their variance request and do not dispute the factual representations and legal arguments offered by the Town. There are not sufficient undisputed facts before the Court concerning whether a structure other than a 14-foot wide by 55-foot long mobile home could be placed on the property in conformance with the Bylaws or in such a way that a lesser variance would be required. Next, Applicants did not "create the hardship" that is caused by the unique and narrow shape of this lot by subdividing or otherwise altering the boundaries of the lot. It is not clear, however, whether Applicants could have avoided this hardship by heeding the advice suggested by the Town prior to purchasing this property: that the narrow and triangular shape may prohibit the development that they hoped to complete. We leave the question of whether or not, given Applicants' knowledge of the limitations involved in developing this lot prior to the time of purchase, Applicants created the hardship to be determined after a complete factual record has been developed. We therefore conclude that, based upon the evidence presented, we cannot grant summary judgment to Applicants on the second and third criteria. See 24 V.S.A. §§ 4469(a)(2) and (3); Bylaws §§ 512(2) and (3).

The Town does not dispute that Applicants' property is narrow and somewhat oddly shaped, and that this shape has contributed to the hardship that Applicants now face. Further, Applicants propose to develop their property with one single-family residence and the surrounding area has several similar developments. We have not received evidence that the proposed development will alter the essential character of the surrounding neighborhood, impact surrounding uses, reduce access to renewable energy resources, or be a detriment to the public; the Town has merely stated those conclusions. We therefore conclude that Applicants are entitled to summary judgment as to criteria 1 and 4. See 24 V.S.A. §§ 4469(a)(1)

5

and (4); Bylaws §§ 512(1) and (4), with one reservation: in the event that this matter proceeds to trial, Applicants will need to present a response to the Town's assertion that their home, if situated with no setback from Main Street Extension, may impair the appropriate use or development of the Town's adjacent property or cause safety concerns.

Addressing criterion (5), the Town argues, and we do not disagree, that the variance will not "represent the minimum variance that will afford relief and will represent the least deviation possible from the bylaw and from the plan." See 24 V.S.A. § 4469(a)(5). Although Applicants argue that the structure could not be sited without violating the side yard setback requirements, this ignores language from criterion (5) that requires a variance to represent "the least deviation possible."

As stated above, Applicants seek to install a mobile home measuring 14 feet by 56 feet, with its short sides situated 30 feet from Railroad Street/South Street and 50 feet from the Property's eastern most point near the intersection of Hill Street and Main Street Extension. This placement complies with the front and rear yard setback requirements of 30 feet and 20 feet, respectively, but places the long sides of the proposed home inside the 20-foot side yard setbacks from the north and south boundaries. As proposed, the northern side of the structure, which runs west to east along Hill Street, will be situated 25 feet from the Property line at the western end of the structure and 15 feet from the Property line at the eastern end of the structure. The southern side of the structure, which runs west to east along Main Street Extension, will be situated along the Property line with no setback.

Although Applicants allege that this location is the "best fit for a difficult lot," it is unclear why the northwest corner of the structure could not be pivoted towards Hill Street, thereby reducing the side yard setback on that corner from 25 feet to 20 feet and increasing the side yard setback along Main Street Extension on the southwest corner from 0 feet to 5 feet. Such a change would reduce the overall non-compliance with the side yard setback by 5 feet, meaning the proposed configuration is not the minimum variance.

Viewing the facts in a light most favorable to the Town, since it is the non-moving party, we find that Applicants have failed to demonstrate compliance with criterion (5). It is the Applicants' burden to prove that their project complies with all five variance criteria. See L.M. Pike & Son, Inc. v. Town of Waterford, 130 Vt. 432, 435 (1972); Blow, 151 Vt. at 335 (citations

6

omitted). Our Supreme Court has phrased this legal maxim succinctly: "[i]f just one criterion is not satisfied the variance must be denied." In re Ray Reilly Tire Mart, 141 Vt. at 332. Thus, by failing to satisfy criterion (5), Applicants have failed to show that they are entitled to a pre-trial summary judgment as a matter of law. See Boulton, 2003 VT ¶ 5.

## Conclusion

For the reasons stated above, although we agree with Applicants and therefore **GRANT** summary judgment in their favor on Questions 2 and 5 of their Statement of Questions, we conclude that Applicants have not satisfied all of the criteria in 24 V.S.A. § 4469(a) and Bylaws §512 and are thus not entitled to a variance as a matter of law. We therefore **DENY** Applicants' motion for summary judgment. As a consequence of these legal determinations, Questions 1, 3, 4, and 6 remain to be resolved at trial.

Electronically signed on May 29, 2015 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division