## Vermont Brick & Block, Inc., et al. v. Village of Essex Junction

[380 A.2d 67]

No. 328-76

Present: Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.

Opinion Filed October 31, 1977

*John P. Ambrose* of the office of *Donald E. O'Brien,* Burlington, for Plaintiff.

*Spokes & Obuchowski*, Burlington, for Defendant.

**Billings, J.** This is an appeal from an order of the Chittenden Superior Court enjoining the appellant, Vermont Brick & Block, Inc., from conducting a new custom concrete business on premises owned by the appellant in Essex Junction, Vermont, until such time as said appellant obtains permits and approval pursuant to the zoning regulations of the appellee.

Prior to 1970 appellant was engaged in the manufacture of concrete brick and blocks and the sale of building materials, particularly sand, gravel, stone, and cement in bulk form. In 1970, appellee, the Village of Essex Junction, enacted a zoning ordinance, pursuant to 24 V.S.A. ch. 117. Appellant's premises were zoned residential, recreational, and agricultural; and it continued business as a prior nonconforming use. In 1975, appellant commenced a custom concrete business on the premises, which involved manufacturing concrete in trucks at the buyer's job site. To facilitate this new business use, appellant purchased two new trucks and installed a new cement screw or auger in a cement tower on its business premises. After a hearing, the Zoning Board of Adjustment concluded that the custom concrete business use was an expansion and enlargement of a prior nonconforming use. Appellant filed a notice of appeal to the superior court. 24 V.S.A. § 4471. Subsequently, appellee brought an action to enjoin appellant from continuing the expansion of the nonconforming use. The Chittenden Superior Court consolidated both actions for trial. V.R.C.P. 42(a). After trial, the superior court held that the custom concrete business was an enlargement of appellant's nonconforming use and enjoined its continuance without a permit.

A nonconforming use is defined by statute to be "a use of land or a structure which does not comply with all zoning regulations" where such use was proper prior to the enactment of the regulations. 24 V.S.A. § 4408(a)(1). Municipalities may regulate and prohibit expansion and undue perpetuation of nonconforming uses and in particular may control the extension or enlargement of such uses. 24 V.S.A. § 4408(b)(2). Here the appellee has provided in § 601 of its zoning ordinances that:

Section 601. - General.

Any lawful building or use of a building or premises or part thereof existing at the time this Regulation is adopted may be continued although such building or use does not conform to the provisions of the district in which it is located and such building or use may be altered or enlarged after review by the Planning Commission and approval by the Zoning Board of Adjustment. The Zoning Board of Adjustment may on appeal, after hearing, permit the change from a non-conforming use to another non-conforming use not substantially different in its purpose or manner of application, and no more harmful or objectionable to the neighborhood. The Board may impose such conditions as it deems necessary for the protection of adjacent property and the public interest.

Appellant has made no request to enlarge or expand its nonconforming use.

 A prime purpose of zoning is to bring about the orderly physical development of the community by confining particular uses to defined areas. *DeWitt* v. *Brattleboro Zoning Board of Adjustment*, 128 Vt. 313, 262 A.2d 472 (1970). Nonconforming uses are inconsistent with that purpose and are tolerated only because they are antecedent to the zoning regulation. A goal of zoning is to gradually eliminate these uses. *Id.* at 323; *San Diego County* v. *McClurken*, 37 Cal. 2d 683, 234 P.2d 972 (1951). Enlargement or expansion of nonconforming uses thus violates the spirit and purpose of zoning. *DeWitt* v. *Brattleboro Zoning Board of Adjustment, supra*, 128 Vt. at 319; 4 N. Williams, American Land Planning Law §§ 113.03-113.06 (1975). Such uses are not allowed to multiply. *Town of Mendon* v. *Ezzo*, 129 Vt. 351, 360, 278 A.2d 726 (1971). Mere increase in volume of business alone, on the other hand, is not prohibited. *Frost* v. *Lucey*, 231 A.2d 441 (Me. 1967).

 An enlargement or expansion of a nonconforming use, rather than a mere increase in business, is indicated where new facilities or a new product is involved. See *San Diego County* v. *McClurken, supra; Connecticut Sand & Stone Corp.* v. *Zoning Board of Appeals*, 150 Conn. 439, 190 A.2d 594 (1963). In the instant case, appellant commenced in 1975 to offer its customers a new product - concrete mixed by appellant's trucks at the job site. New facilities in the form of a new cement screw or auger

in a cement tower were installed by appellant so that materials from its place of business could be more easily loaded into its trucks. Two new trucks were purchased to deliver and mix the concrete. Any manufacturing of concrete by appellant in its trucks, whether on or off the premises, is far different than its prior nonconforming use of on-premises manufacture of concrete bricks and blocks and sale of building materials. It constitutes an expansion and enlargement of the nonconforming use forbidden by the zoning regulations absent permission by appellee.

*Judgment affirmed.*