## In re Maurice Memorials

[458 A.2d 1093]

No. 540-81

Present: Billings, Hill, Underwood and Peck, JJ., and Daley, J. (Ret.), Specially Assigned

Opinion Filed February 9, 1983

*Joseph C. Palmisano* and *Jeffrey L. Taylor,* Barre, for Plaintiff-Appellee.

*Valsangiacomo & Detora, P.C.,* Barre, for Defendant-Appellant.

**Hill, J.** This is an appeal from the decision of the Washington County Superior Court to grant plaintiff, Maurice Memorials, Inc., a variance from the Barre City Zoning Ordinances. The variance permits plaintiff to rebuild a deteriorating roof on its granite shed. The decision to grant the variance is challenged by defendant, an "interested person" as defined by 24 V.S.A. § 4464 (b) (3). We reverse.

The facts as found by the trial court are as follows. Plaintiff, a family run business, has operated a granite shed at 10 Granite Street, Barre, Vermont, for over fifty years. In 1950, the City of Barre adopted a zoning ordinance which placed the

granite shed in a nonindustrial zone, thus converting it to a nonconforming use or structure. Section 5.1.04 of the Barre City Zoning Ordinances, which regulates nonconforming structures, provides in part as follows:

(a) Any nonconforming use or structure or noncomplying structures may be used or continued, provided:

(1) It shall not be moved, enlarged, altered, reconstructed or restored, except as otherwise provided in this section . . . .

The ordinance further provides for nonconforming structures damaged or destroyed by casualty or by the exercise of governmental authority. Clearly, however, the ordinance on its face prohibits any renovations of nonconforming structures absent some type of casualty. This provision is the only provision in the Barre City Zoning Ordinances covering the repair or restoration of nonconforming structures.

On March 13, 1981, plaintiff applied to the Barre Planning Commission and Board of Adjustment for a conditional use permit to rebuild the roof on its main structure. 24 V.S.A. § 4464(c). On May 7, 1981, the permit was granted with the understanding that while plaintiff would not increase the work area of the granite shed, it would increase the sound proofing of the shed's compressor room. Pursuant to 24 V.S.A. § 4471, defendant, an adjoining landowner, appealed the issuance of the conditional use permit to the Washington County Superior Court.

After conducting a trial de novo, 24 V.S.A. § 4472(a), the trial court established that the proposed repairs were necessary due to fifty years of deterioration and a design defect inherent in the structure. Simply put, the roof timbers were no longer strong enough, and the spans were too long to support the roof under the weight of a heavy snowfall. Additionally, the trial court found: that the defects were not due to a failure on the part of plaintiff to properly maintain the roof; that due to economic conditions and the need to conserve energy, increasing the height of the granite shed to permit installation of insulation was in the interest of all concerned; that the proposed alternatives would in various ways benefit the surrounding neighborhood; and that the refusal to grant

the variance would cause an unnecessary hardship on plaintiff, its business and employees. Perhaps most important, however, was the trial court's finding that by rebuilding the roof at its present height, plaintiff would have to cease business operations while the renovation work was in progress.

In light of its findings, the trial court concluded that a variance authorizing the repair and renovation of plaintiff's nonconforming structure, to the extent of raising the roof level six feet, represented the minimum variance to the Barre City Zoning Plan consistent with the continued operation of plaintiff's business. In other words, the trial court held that the hardship which would result from a cessation of business was not required by the provisions of 24 V.S.A. § 4468. The trial court therefore granted plaintiff the variance.

On appeal, defendant has briefed several exceptions for our consideration, the first of which is that the trial court, in granting plaintiff a variance, misconstrued the dictates of 24 V.S.A. § 4468. Specifically, he cites us to the trial court's conclusion that the six-foot variance "represents the minimum variance to the zoning plan which is consistent with the continued operation of its business," and asserts that by premising its conclusion on the notion that plaintiff's business should not have to shut down, the trial court failed to apply the proper statutory standard. Furthermore, defendant insists that when the proper standard is applied, the record clearly establishes a failure on the part of plaintiff to prove the five essential prerequisites, as outlined in 24 V.S.A. § 4468, to the granting of a variance. We agree.

This Court has consistently recognized that "[a] prime purpose of zoning is to bring about the orderly physical development of the community by confining particular uses to confined areas." *Vermont Brick & Block, Inc.* v. *Village of Essex Junction,* 135 Vt. 481, 483, 380 A.2d 67, 69 (1977) (citing *DeWitt* v. *Brattleboro Zoning Board of Adjustment,* 128 Vt. 313, 319, 262 A.2d 472, 476 (1970)). By their very nature, nonconforming uses, defined as " 'a use of land or a structure which does not comply with all zoning regulations' where such use was proper prior to the enactment of the regulations," *id.* at 482, 380 A.2d at 69 (quoting 24 V.S.A. § 4408(a)(1)), are inconsistent with that purpose. Such uses

are recognized and permitted to continue, simply by virtue of their existence prior to the enactment of the ordinance. *De-Witt* v. *Brattleboro Zoning Board of Adjustment, supra,* 128 Vt. at 319, 262 A.2d at 476 (quoting *Hay* v. *Board of Adjustment of the Borough of Fort Lee,* 37 N.J. Super. 461, 464, 117 A.2d 650, 651 (1955)). However, their extension is carefully limited, since the ultimate goal of zoning is to gradually eliminate them. *Brassard Brothers* v. *Barre Town Zoning Board of Adjustment,* 128 Vt. 416, 419, 264 A.2d 814, 816 (1970); *Vermont Brick & Block, Inc.* v. *Village of Essex Junction, supra,* 135 Vt. at 483, 380 A.2d at 69. Hence, in the absence of further zoning provisions permitting enlargement or alteration of a nonconforming use, such work prohibited by ordinance may only be done by way of variance. *Brassard Brothers* v. *Barre Town Zoning Board of Adjustment, supra,* 128 Vt. at 419, 264 A.2d at 816.

■■ We have recently held that "[f]or relief by way of a variance the statute governing its granting must prevail, rather than a judicial finding indicating, at best, general desirability." *Sorg* v. *North Hero Zoning Board of Adjustment,* 135 Vt. 423, 427–28, 378 A.2d 98, 102 (1977). Thus prior to the issuance of a variance, a petitioner must meet each and every statutory requirement outlined in 24 V.S.A. § 4468. *Id.* That statute provides in part that:

> (a) On an appeal . . . wherein a variance from the provisions of a zoning regulation is requested for a structure that is not primarily a renewable energy resource structure, the board of adjustment or superior court may grant variances, . . . if all the following facts are found and the finding is specified in its decision.
>
> . . . .
>
> (5) That the variance, if authorized, will represent the minimum variance that will afford relief *and will represent the least deviation possible* from the zoning regulation and from the plan.

24 V.S.A. § 4468(a)(5) (emphasis supplied). We note that there is no provision within subsection five indicating that the continued operation of a business is a factor to be considered, and since variances were never intended to afford relief from

inconvenience or to prevent against the potential of lost profits. *Sorg* v. *North Hero Zoning Board, supra,* 135 Vt. at 426, 378 A.2d at 101; *DeWitt* v. *Brattleboro Zoning Board of Adjustment, supra,* 128 Vt. at 321, 262 A.2d at 477, we reject such an interpretation.

Turning to the record in this case, we find that plaintiff's foreman, as well as its own expert witness, provided uncontradicted testimony that the granite shed's deteriorating roof could be repaired in kind, but that such a plan would interfere with plaintiff's business operations. For example, when asked on cross-examination if plaintiff could continue to operate the same as it has operated for the past fifty years if the roof were repaired in its present state, plaintiff's foreman answered in the affirmative. Moreover, plaintiff's expert witness testified as follows:

> Q. Now, with respect to [the proposed renovations], your testimony is that except for the client's wishes, you could accomplish the same thing with less of a rise in the level of the roof, is that correct?
>
> A. That's correct.
>
> Q. So this does not represent the minimum increase of the roof level that could be done pursuant to this project?
>
> A. That's correct.

In sum, the evidence at trial clearly established the possibility of repairing the roof in kind, as well as the possibility of accomplishing the necessary repairs with a raise in the height of the roof less than the six-foot variance granted by the trial court. Having failed to establish that the variance represents "the least deviation possible from the zoning regulation and from the plan," 24 V.S.A. § 4468(a)(5), the decision of the trial court to grant the variance must be reversed.

*The judgment of the Washington Superior Court is reversed.*