# STATE OF VERMONT

# ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| In re: Delano Variance Application | } | Docket No. 161-8-07 Vtec |
| | } | |

## Decision on Cross Motions for Summary Judgment

Appellants George and Paula Delano appealed from a decision of the Town of South Hero Zoning Board of Adjustment ("ZBA"), denying a variance request and application to reconstruct and enlarge an existing seasonal cottage, used as a second dwelling on their property located on the Town's shoreline of Lake Champlain. Appellants are represented by Carl H. Lisman, Esq.; the Town of South Hero ("Town") is represented by Robert C. Roesler, Esq.

Appellants moved for summary judgment, asserting that a variance was not required for the reconstruction of their cottage. The Town opposed the motion, and also filed a cross motion for summary judgment, contending that a variance was required and that the variance criteria were not satisfied.

## Factual Background[1]

1. Appellants George and Paula Delano ("Appellants") own a 2.77± acre parcel at 29 Kibbe Farm Road. The parcel is located in the Town's Shoreland Zoning District and has frontage on Lake Champlain. Appellants acquired the parcel in 1988, at which time there was a primary residence and a seasonal cottage on the property.

2. The subject of this appeal is the seasonal cottage, which was constructed prior to 1967 and, compared to the primary residence, is located closer to the shore of Lake Champlain.

3. The Town adopted interim Zoning Bylaw Regulations in 1972, which were approved as permanent and took effect in 1976. These Zoning Bylaw Regulations ("Regulations"),[2] with an amendment we do not regard as relevant here, have thereafter remained in continuous force and effect since then.

---

[1] All facts recited or referenced here are undisputed unless otherwise noted. For purposes of the motion for summary judgment only, we view the material facts in a light most favorable to the non-moving parties. V.R.C.P. 56(c). We are not yet at the stage of making specific factual findings. Thus, our recitation here should not be regarded as factual findings See Blake v. Nationwide Ins. Co., 2006 VT 48, ¶ 21, 180 Vt. 14, 24, (citing Fritzen v. Trudell Consulting Eng'rs, Inc., 170 Vt. 632, 633 (2000)(mem.)).

[2] Appellant filed a copy of the Regulations, last revised October 4, 2005.

4.    The southwest corner of the seasonal cottage is set back sixty-three feet from the mean lake level, and the northwest corner is set back sixty-one feet. Pursuant to Regulations § 202-4, all primary structures and residential accessory structures must be setback a minimum of seventy-five feet from the mean lake level of 95.5 feet. Thus, due to its proximity to Lake Champlain—as the cottage is located twelve to fourteen feet inside the applicable setback requirement—the cottage is a residential accessory structure that does not conform to the applicable minimum setback provisions under Regulations § 202-4.[3]

5.    The existing seasonal cottage contains two bedrooms, one kitchen, one bathroom, a living area and a deck. The footprint of the interior of the existing cottage is approximately 700 square feet; its deck encompasses an additional 158 square feet. As a seasonal cottage, the structure may only be occupied for a portion of the year.

6.    Appellants sought to improve upon their existing seasonal cottage in several respects. They initially submitted plans with their Zoning/Building Application (a copy of which Appellants supplied as Exhibit D) on March 23, 2007. By their plans and application, Appellants represented that they sought to (1) convert the seasonal cottage to a year round residence; (2) reconstruct and enlarge the cottage and (3) locate their new accessory structure about fifty-nine feet from the Lake's mean high water mark (95.5').

7.    On April 12, 2007, the Town of South Hero Zoning Administrator ("Zoning Administrator") denied Appellants' Zoning/Building permit application. See Exhibit D. The Zoning Administrator noted that his reason for denying the application was that the "project does not meet required setback to lake. Per section 306 accessory dwellings defined as an 'efficiency or one bedroom apartment.'" Id. Appellants filed a timely appeal of the Zoning Administrator's denial with the ZBA.

8.    By their March, 2007 application, Appellants sought to reconstruct and expand the use of their cottage. Recognizing that their existing seasonal accessory dwelling did not conform with the applicable Regulations, and that their replacement cottage would also not conform, Appellants also appealed to the ZBA for a variance for their project, which they submitted when they filed their initial Zoning/Building application.[4]

---

[3] The Definitions section of the Regulations defines a "non-conforming structure" as "[a] structure or part thereof not in conformance with the zoning regulations covering building bulk, dimensions, height, area, yards…where such structure conformed to all applicable laws, ordinances, and regulations prior to the enactment of these regulations."

[4] Pursuant to the Court's request, Appellants on September 24, 2007 supplied the Court with copies of their application, supporting plans and other materials. Their request for a variance was included in this packet, which

9.      Appellants' use of the term "reconstruct" appears to mean that they intend to completely demolish the existing, non-complying seasonal accessory cottage and in its place, construct a new cottage. In reaching the conclusion that this is an undisputed fact, we have compared the plans Appellants supplied for the existing cottage (Exhibit F) with their most recently revised plans for the proposed cottage (Exhibit E); have noted the reference on page 2 of their Zoning/Building application, which refers the reader to the "ATTACHED [PLANS] FOR REPLACEMENT CAMP DESIGN"; and have compared the photograph of the existing seasonal camp and the computer-generated depiction of the replacement camp noted in footnote 4, above.

10.     The ZBA held a hearing in June of 2007, both on Appellants' appeal from the Zoning Administrator's denial of their Zoning/Building application, and their request to the ZBA for a variance. On July 16, 2007, the ZBA issued its written decision, in which the ZBA noted its conclusions that a variance was required for Appellants' replacement camp and that Appellants' project, as currently designed, did not qualify for a variance.

11.     Appellants thereafter filed a timely appeal to this Court.

12.     After the denial by the ZBA, the Appellants modified their plans for the replacement cottage so that it is shifted to the east, which allows the front porch to run parallel with the Lake. This revision results in less of the proposed new structure encroaching into the setback from the Lake; only twelve feet of the new porch will be within the seventy-five foot setback area. Appellants provided an architectural depiction of the revised plans for the proposed replacement year-round cottage as Exhibit E, as well as a computer-generated depiction of the completed project, noted below in footnote 5.

## Discussion

In this de novo appeal, Appellants moved for summary judgment on a single issue: whether their application to construct the replacement cottage requires a variance. Appellants argue that it does not, since their proposed new construction does not increase the degree of non-conformance, when compared to the pre-existing seasonal cottage. Appellants assert that their application, supplanted by their subsequent modifications, present no increase in the degree of non-conformance and thus does not require a variance.

The Town filed a cross-motion for summary judgment, contending that a variance was required for Appellants' proposed demolition and reconstruction because their replacement year-

also contains a photograph of the existing seasonal camp and a computer-generated depiction of how the replacement camp would appear.

3

round cottage would increase the degree of non-conformance by adding to the bulk of a structure within the applicable setback area. Also, the Town alleged that Appellants did not satisfy the requirements for obtaining a variance from the applicable zoning provisions, as required by Regulations § 414.3 and 24 V.S.A. § 4469(a).

In a de novo appeal before this Court, just as in civil matters before our superior courts, summary judgment "is [only] appropriate when the material facts are not in contest and the moving party is entitled to judgment as a matter of law." Hubbard v. Metropolitan Property and Cas. Ins. Co., 2007 VT 121, ¶ 6; see also V.R.C.P. 56(c)(3). When presented with cross-motions for summary judgment, we are directed to consider each motion in turn and to afford the party opposing the motion under consideration the benefit of all reasonable doubts and inferences. DeBartolo v. Underwriters at Lloyd's of London, 2007 VT 31, ¶ 8, 181 Vt. 609, 611.

In determining whether either party in an appeal before this Court is entitled to summary judgment, we are also directed to apply the substantive standards that were applicable before the land use tribunal that rendered the appealed from decision. V.R.E.C.P. 5(g); 10 V.S.A. § 8504(h). We review the pending motions in this light.

Appellants proposed to replace the existing seasonal cottage—a non-conforming structure—with a new residential accessory dwelling. After the ZBA denied their application and Appellants appealed to this Court, they revised their plans for the replacement cottage, so that the new cottage encroached to a lesser extent into the setback from Lake Champlain. The revised plans for the new cottage represent that only the screened porch facing the Lake would now violate the required Lake setbacks. Appellants characterize this as a "reduction" in the non-conformity that now exists, since the existing seasonal cottage encroaches into the setback area, both by its porch and a portion of its living area. Appellants do not dispute that, if approved, their proposed replacement cottage would also be a non-conforming structure under the Regulations.[5]

Pursuant to the Regulations, "[a]ny non-conforming use or non-conforming structure may continue indefinitely." Regulations § 310. Thus, so long as the existing cottage is not altered, modified or razed, it may continue to exist as a lawful—albeit non-conforming—structure.

---

[5] Appellants appear to dispute a legal interpretation and not a material fact. We analyze below the types and degree of non-conformity evidenced by Appellants' revised plans. But we note here that the material characteristics of Appellants' revised plans for their replacement year-round cottage are not in dispute.

4

However, as often occurs with older cottages constructed near a lake, Appellants seek to replace the existing cottage with a new one, to change its dimensions and to increase its use.

Under the Regulations, "[n]onconforming structures may be expanded except where such expansion would increase the degree of nonconformity (i.e. the footprint, height, or bulk of the structure within setback or yard areas)." Id. Expansion of the cottage—assuming it did not increase the degree of nonconformity—would be a permissible modification. But, inherent with the proposed work, Appellants also seek authority to demolish and replace the existing cottage.

In failing to clearly explain what the phases of the "reconstruction" would entail, we are left with using the plain meaning of the term. Thus, we conclude that "reconstruction" means the wholesale remaking of a structure, which will necessarily require that the former structure be demolished, and then a new structure be built.[6] While expansion of a non-conforming structure is addressed by the Regulations, reconstruction is not. This omission is not without consequence to Appellants here.

The ordinance addressing non-conformities states that "non-conforming structures may be continued indefinitely" but may only be expanded so long as the expansion does not increase the degree of non-conformity. Regulations § 310. This provision may apply under a different set of facts—where an applicant seeks only to expand a structure—but under these facts—where an applicant seeks to reconstruct an entire structure—we conclude that § 310 does not apply.

Our Legislature has authorized appropriate municipal panels in the first instance, and this Court on appeal, to grant variances from specific municipal land use regulations, provided five specific criteria are met. 24 V.S.A. § 4469. "Variances, by their very nature, are individual exceptions to generally applicable rules of zoning, the purpose of which 'is to bring about the orderly physical development of the community.'" In re Appeal of Mutschler, Canning and Wilkins, 2006 VT 43, ¶ 7, (citing In re Maurice Memorials, 142 Vt. 532, 535 (1983) (quotations omitted)). While variances afford the affected property owner a conditional right to use her property outside of the zoning regulations, such right is limited by the five statutory criteria, which generally require the property owner to show that (1) unique physical circumstances or conditions have caused an unnecessary hardship (2) such that the property cannot otherwise be developed in strict conformity with the applicable zoning provisions; (3) that the unnecessary hardship that necessitates the variance is not of the applicant's making; (4) that the variance, if

---

[6] In rendering this interpretation, we have relied upon the plans, photographs and depictions Appellants supplied to the Court, as noted in footnote 4, above.

authorized, will not alter the area's essential character, impair the appropriate use of neighboring properties or reduce access to renewable energy resources, or otherwise be detrimental to the public welfare and (5) that the variance represents the minimum deviation possible from the zoning regulations that will afford the lawful use and enjoyment of applicant's property. 24 V.S.A. § 4469. The restrictive nature of these five criteria suggests that variances should not often be allowed, since the general goal of our land use regulations is to bring structures and uses into compliance with a community's zoning regulations, since they evidence a town's considered determination on how their community should be developed. In re Casella Waste Management, Inc., 175 Vt. 335, 338 (2003).

While Appellants here seek to replace a lawful pre-existing seasonal cottage, and rely upon its existence in their argument that their proposed new cottage should be allowed, we conclude that this application is not governed by the laws relating to non-conforming structures and their maintenance or expansion. Rather, since Appellants plan is to construct a wholesale replacement of their pre-existing cottage we do not regard their project as a lawful continuation or "expansion" of a pre-existing non-conformity. See In re Stowe Club Highlands, 164 Vt. 272, 281 (1995); see also Gagne v. Inhabitants of Lewiston, 281 A.2d 579, 582 (Me. 1971) (ordinance that allows non-complying structure to be enlarged or altered does not permit demolition of existing building and replacement with another); Angus v. Miller, 5 Mass.App.Ct. 470, 363 N.E.2d 1349, 1352 (1977) (authorization to enlarge non-complying structure does not include power to raze existing building and construct new one).

We conclude that Appellants' application must be reviewed for its own compliance with the applicable Regulations. Once Appellants demolish the pre-existing seasonal cottage, they destroy their right to continue to use and enjoy that pre-existing non-conformity. Their revised plan for a replacement year-round cottage must independently conform to the Regulations.

We reach this legal conclusion with the maxim in mind that a "goal of zoning is to gradually eliminate nonconforming uses because they are inconsistent with the purpose of developing use-consistent areas in communities. In re Gregoire, 170 Vt. 556, 558 (1999). Because of this zoning goal, "zoning provisions allowing nonconforming uses should be strictly construed." Badger v. Town of Ferrisburgh, 168 Vt. 37, 40 (1998). This result is consistent with the statutory policy that allows for a municipality to "regulate and prohibit expansion and undue perpetuation of nonconformities." 24 V.S.A. § 4412(7)(A).

In light of our conclusion that Appellants can not reconstruct a non-conforming structure, we turn to a review of the replacement project's compliance on its own merits. In this regard, we note the following deficiencies:

- The proposed replacement cottage, of which the screen porch is a part, encroaches into the setback area from the Lake;

- Appellants' property already contains a single family dwelling and the proposed replacement cottage may only be regarded as an accessory dwelling under Regulations § 202-6;

- The proposed replacement cottage is not an efficiency and contains more than one bedroom, and therefore exceeds the bedroom limitation for accessory dwellings under regulations § 306(A); and

- In now claiming that their proposed replacement cottage does not need a variance, Appellants have failed to present the Court with a lawful foundation by which we can ignore any of the above zoning regulations.

The absence of evidence from Appellants regarding a variance request from the above cited zoning provisions allows us to be brief in our review of this portion of the appealed-from ZBA Decision. Even so, we note that Appellants' property is already developed with a single family dwelling and that the new cottage's non-compliance with the lakeshore setback requirement can be remedied by relocating the new cottage by only twelve feet. We have not been presented with any unique physical circumstances or conditions on Appellants' property that unreasonably restrict its lawful use. Given that Appellants' plan is to demolish the pre-existing cottage and improve their property with a new accessory structure, we conclude that any hardship Appellants face in seeking authority for these improvements is of their own making. We therefore conclude that, even when viewing the material facts in a light most favorable to Appellants, their replacement project, as currently proposed, cannot satisfy three of the applicable variance criteria. 24 V.S.A. § 4469(1), (4) and (5). Since failure to satisfy any one of the five criteria is fatal to a variance request—In Mutschler, et. al., 2006 VT 43, ¶ 9—we conclude that Appellants' pending application and variance request must be denied as a matter of law.

**<u>Conclusion</u>**

For all the reasons more fully discussed above, we **DENY** Appellant's motion for summary judgment, and in doing so, **GRANT** the Town's motion for summary judgment, as we have concluded that, even when viewing the material facts in a light most favorable to Appellant, the proposed replacement cottage is not entitled to a variance and is not otherwise in conformance with the applicable Regulations as a matter of law.

This concludes the proceedings before this Court in this appeal. A Judgment Order accompanies this Decision.

Done at Berlin, Vermont this 29th day of August, 2008.


_____
Thomas S. Durkin, Environmental Judge