**STATE OF VERMONT**
**ENVIRONMENTAL COURT**

|  |  |  |
|---|---|---|
| | } | |
| **In re DeRoy Variance Applications** | } | |
| (Appeal of Kowalski) | } | Docket No. 14-1-09 Vtec |
| | } | |
| | } | |

## Decision on Motion for Summary Judgment

Appellant Christopher Kowalski has appealed from a decision of the Town of Hubbardton Zoning Board of Adjustment ("ZBA"), which granted Joseph and Isabelle DeRoy ("Applicants") two variances to construct a house and detached garage inside the front-yard setback on Applicants' residential property in Hubbardton, Vermont. The only issue raised in this appeal is whether Applicants' proposed projects satisfy the statutory variance criteria set forth in 24 V.S.A. § 4469(a).[1]

Mr. Kowalski has moved for summary judgment, asserting that Applicants cannot meet the applicable variance criteria for either proposal as a matter of law. Applicants respond in opposition; the Town of Hubbardton ("Town") has not filed a response to the pending motion.

Mr. Kowalski is represented by Gary R. Kupferer, Esq.; the DeRoys are represented by Ebenezer Punderson, Esq.; the Town is represented by Matthew D. Gilmond, Esq. and Constance Tryon Pell, Esq.

## Factual Background

For the sole purpose of putting the pending motion into context, we recite the following facts, which we understand to be undisputed unless otherwise noted:

1. Applicants own a 0.63± acre parcel in Hubbardton, Vermont, which has frontage on Lake Beebe. Their property is located in the Town's Shoreland Zoning District, where there are a number of single-family residences in the neighborhood and along the shore of the Lake.

2. Applicants purchased the property in 1985, which was previously improved with a single-family residence, and they have since used the residence as a vacation home. The existing home predates the adoption of zoning in the Town.

---

[1] Although the parties have not provided the Court with a complete copy of the Town Zoning Regulations, particularly the provisions concerning variances, the parties agree that whether Applicants are entitled to a variance is controlled by the statutory variance criteria outlined in 24 V.S.A. § 4469(a). Our analysis proceeds accordingly.

3. Applicants' property is accessed by Pine Lane, a twenty-foot-wide right-of-way that runs parallel to Lake Beebe. Pine Lane traverses Applicants' property, effectively bisecting their 0.63± acre parcel.

4. Zoning regulations adopted since the construction of Applicants' existing residence require that buildings be set back forty feet from Pine Lane and twenty-five feet from Lake Beebe. Town of Hubbardton Zoning Regulations art. V [hereinafter "Regulations"]. As a result of these setbacks, only a narrow swath of Applicants' property between Lake Beebe and Pine Lane is eligible for development in conformance with the Regulations. This "building envelope" is approximately twenty feet wide at its widest point and only ten feet wide at its narrowest point.

5. In fact, Applicants' existing residence encroaches on each of these setbacks. Although the precise extent of the current encroachment is not in the record, the site plan sketches indicate that the existing residence is roughly fifteen feet from Lake Beebe and about twenty-three feet from the edge of Pine Lane. Because the residence predates the adoption of zoning regulations and the setback requirements, the Court understands Applicants' existing residence to be a lawful, preexisting, nonconforming structure.[2]

6. Applicants currently use the existing structure on their property as a vacation home. They assert that the existing home "has significant structural deterioration [and] that it is not feasible . . . to rebuild on the existing footprint." Isabelle DeRoy Aff. ¶ 5 (Nov. 24, 2009).

7. Mrs. DeRoy's Affidavit does not provide details as to why the structural deterioration to their existing home cannot be addressed by repairing or rebuilding the structure. We have not been made aware of what detail, if any, was incorporated into Applicants' feasibility analysis. We do note, however, that in an unsigned and not notarized written statement submitted as part of the original applications in support of their variance request, Applicants noted that "the current home has a failing foundation, mold is evident in the basement, there is evidence of water in the basement, [and] the roof structure and ridge are sagging showing signs of failure." Unsigned Attach. to Permit Applic. # 1119 and # 1118, at 1 (December 31, 2008). These defects appear substantial, but we are left to wonder how the costs to repair these defects compares to the

---

[2] The Court has not been provided with a complete copy of the Town Zoning Regulations, but we note that statewide precedent allows most lawful, preexisting nonconforming structures to continue, with reasonable repairs, so long as their degree of nonconformity is not increased. See DeWitt v. Brattleboro Zoning Bd. of Adjustment, 128 Vt. 313, 319 (1970) ("While nonconforming buildings and uses existing at the time the zoning restrictions become effective cannot be prohibited, they are subject to reasonable regulations under the police power to protect the public health, safety, welfare or morals."); see also 24 V.S.A. § 4412(7) (outlining the municipal authority to regulate nonconformities).

estimated cost to build the new home, which is listed in the house variance application as $500,000.

8.     Applicants offer no specific evidence on the costs of repairing or replacing their existing home at or near its current location.  They additionally make no claim that the current state of their vacation home prohibits any reasonable use of their property.

9.     Applicants further maintain that rebuilding within the building envelope defined by the zoning setbacks is impossible because its narrowness does not allow for construction of a conventional home.  It would force them to construct a home that is not practical, results in a significant reduction in living area, and hinders the future sale of the property.

10.     In December 2008, Applicants submitted to the ZBA two permit applications that included requests for variances from the forty-foot Pine Lane setback.

11.     By their permit application and variance request #1118, Applicants sought permission to construct a new residence to replace their preexisting home.  The proposed relocated residence on their property would increase the square footage of their residential structure from approximately 768 square feet to 1,344 square feet.

12.     As a result of the relocation, the proposed residence would no longer encroach on the twenty-five-foot lakeshore setback.  It would, however, continue to encroach on the forty-foot setback from Pine Lane.  The new building would be approximately 15.5 feet from the center of Pine Lane, placing it roughly 6 feet from the edge of the right-of-way and increasing the encroachment by roughly 17 feet.

13.     By their permit application and variance request #1119, Applicants sought permission to construct a new 574-square-foot garage located entirely within the forty-foot setback from Pine Lane, situated approximately eleven feet from the nearest edge of the right-of-way.[3]  Applicants seek to construct this garage in order to provide enclosed parking for vehicles during the winter months, as they wish to use their residence as more than a summer vacation home.  Their current residence does not include a garage.

14.     The DRB held a hearing on the applications on January 13, 2009, and the next day granted Applicants a permit and variance for each of the proposed projects.  Mr. Kowalski, who

---

[3] Applicants' permit application indicates that the proposed garage is eleven feet from the center of Pine Lane, placing the garage one foot from the edge of the twenty-foot-wide right-of-way, but the site plan sketches appear to indicate that the proposed garage is eleven feet from the edge of Pine Lane.

owns a property adjacent to Applicants that is also accessed by Pine Lane, timely appealed that decision to this Court.

**Discussion**

Applicants propose to tear down their existing vacation home and construct an entirely new and larger residence in a different location on their property. They also propose to construct a new detached garage. It is undisputed that both proposed structures will encroach upon the forty-foot front-yard setback from Pine Lane, thereby necessitating a variance for each project. The only issue raised in this appeal is whether Applicants' two projects qualify for a variance. Mr. Kowalski has moved for summary judgment, contending that neither Applicants' proposed residence nor the proposed garage satisfies the statutory variance criteria outlined in 24 V.S.A. § 4469(a). Applicants disagree, maintaining that both of their projects meet all of the criteria.

Summary judgment is only appropriate "when the record clearly shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Madkour v. Zoltak, 2007 VT 14, ¶ 12, 181 Vt. 347 (quoting Bacon v. Lascelles, 165 Vt. 214, 218 (1996); see also V.R.C.P. 56(c)(3). In applying this standard, we consider the facts presented in the light most favorable to the nonmoving party, giving them the benefit of all reasonable doubts and inferences. Id; In re Miller Subdivision Final Plan, 2008 VT 74, ¶ 8, 184 Vt. 188 (citing Peerless Ins. Co. v. Frederick, 2004 VT 126, ¶ 10, 177 Vt. 441). With these standards in mind, we turn to the sole issue on appeal.

Variances, by their very nature, contravene the goal of zoning. They are "individual exceptions to generally applicable rules of zoning, the purpose of which 'is to bring about the orderly physical development of the community.'" In re Mutschler, 2006 VT 43, ¶ 7, 180 Vt. 501 (mem.) (quoting In re Maurice Mem'ls, 142 Vt. 532, 535 (1983)). They act as "an escape hatch from the literal terms of an ordinance which, if strictly applied, would deny a property owner all beneficial use of his land and thus amount to confiscation." Id. (quoting Lincourt v. Zoning Bd. of Review, 201 A.2d 482, 485–86 (R.I. 1964)). As a result, a landowner has the steep burden of proving that a variance is warranted. L.M. Pike & Son, Inc. v. Town of Waterford, 130 Vt. 432, 435 (1972). A landowner must show that:

> (1) There are unique physical circumstances or conditions, including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property, and that unnecessary

4

hardship is due to these conditions, and not the circumstances or conditions generally created by the provisions of the bylaw in the neighborhood or district in which the property is located.

(2) Because of these physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the bylaw, and that the authorization of a variance is therefore necessary to enable the reasonable use of the property.

(3) Unnecessary hardship has not been created by the appellant.

(4) The variance, if authorized, will not alter the essential character of the neighborhood or district in which the property is located, substantially or permanently impair the appropriate use or development of adjacent property, reduce access to renewable energy resources, or be detrimental to the public welfare.

(5) The variance, if authorized, will represent the minimum variance that will afford relief and will represent the least deviation possible from the bylaw and from the plan.

24 V.S.A. § 4469(a)(1)–(5). Indeed, this is a high burden, because if a zoning variance is to be granted, it "must be based on a showing of conformance with each of the five statutory criteria." In re Dunnett, 172 Vt. 196, 200 (2001) (quoting Blow v. Town of Berlin Zoning Adm'r, 151 Vt. 333, 335 (1989)). "If just one criterion is not satisfied[,] the variance must be denied." In re Ray Reilly Tire Mart, 141 Vt. 330, 332 (1982).

In his pending motion, Mr. Kowalski first maintains that neither project deserves a variance because Applicants do not experience an unnecessary hardship, contending that Applicants cannot satisfy the first criterion. See 24 V.S.A. § 4469(a)(1) ("There are unique physical circumstances or conditions, . . . and that unnecessary hardship is due to these conditions . . . ."). Applicants counter that an unnecessary hardship results from the application of the forty-foot setback from Pine Lane and the twenty-five-foot setback from Lake Beebe; they explain that imposition of the two setbacks yields a building envelope that is only twenty feet wide at its widest part. Such a narrow building envelope significantly hampers construction of a conventional residence and therefore creates an unnecessary hardship.

We agree with Applicants that a narrow building envelope creates a sufficient physical condition to constitute an unnecessary hardship. As this Court has previously explained, a "lot without a sufficiently buildable area when all the setbacks are applied" is a hardship that may justify a variance. In re Handy, No. 96-6-01 Vtec, slip op. at 2 (Vt. Envtl. Ct. May 6, 2002)

5

(Wright, J.); see also Damico v. Zoning Bd. of Adjustment of the City of Pittsburg, 643 A.2d 156, 163–64 (Pa. Cmwlth. Ct. 1994) (finding an unnecessary hardship where adherence to setbacks would require a building of only ten feet wide).  When viewing the existing facts in a light most favorable to Applicants, we therefore conclude that Mr. Kowalski has not demonstrated as a matter of law that Applicants do not suffer an unnecessary hardship.

We also conclude, based on the current record, that Applicants have not created this hardship and have therefore satisfied the third variance criterion for purposes of avoiding summary judgment.  See 24 V.S.A. § 4469(a)(3) ("Unnecessary hardship was not created by the [landowner].").  The existing record reveals that Applicants' current residence predates the adoption of zoning in the Town, which indicates that the narrow building envelope originated from circumstances beyond Applicants' control.  Accordingly, we cannot conclude at this stage of the proceedings that the aforementioned hardship was created by Applicants.  See In re Fecteau, 149 Vt. 319, 321 (1988) (explaining that the "[h]ardship must originate from circumstances beyond the control of the property owner" (citing Pollard v. Zoning Board of Appeals, 186 Conn. 32, 39 (1982))); In re Ray Reilly Tire Mart, Inc., 141 Vt. 330, 333 (1982) ("[T]here must be an affirmative act by the applicant which created the hardship peculiar to the property involved.").

We similarly conclude that Mr. Kowalski has not demonstrated that Applicants' proposed projects will "alter the essential character of the neighborhood," impair development or use of adjacent properties, or "be detrimental to the public welfare."   24 V.S.A. § 4469(a)(4).  Applicants propose to construct a single-family residence and a detached garage in a neighborhood comprised of similar structures of various sizes.  Because there is no evidence that either the garage or the residence will alter the essential character of the neighborhood, Applicants have satisfied criterion four for purposes of avoiding summary judgment.

The evidence present before us, however, even when viewed in a light most favorable to Applicants, indicates that they cannot satisfy the remaining variance criteria for either of their proposed projects.  For instance, Applicants are unable to fulfill criterion two, which requires a showing that "there is no possibility that the property can be developed in strict conformity with the provisions of the bylaw, and that the authorization of a variance is therefore necessary to enable the reasonable use of the property."  24 V.S.A. § 4469(a)(2).  Applicants cannot meet this

6

requirement as a matter of law because they present no evidence that complying with the zoning regulations is impossible, and the undisputed facts indicate that Applicants do not need a variance to make reasonable use of their property.

Beginning with the proposed residence, Applicants do not maintain that there is no possibility of constructing a new residence entirely within the building envelope. Applicants only contend that constructing within the narrow building envelope makes it "difficult to design a functional structure" and conventional home. Applicants' Mem. in Opp'n at 3. Although such a design may be difficult, Applicants have the burden of showing that that there is "there is <u>no</u> <u>possibility</u> that the property can be developed in <u>strict</u> <u>conformity</u> with the provisions of the zoning regulation." <u>Gadhue v. Marcotte</u>, 141 Vt. 238, 240 (1982) (quoting the predecessor to 24 V.S.A. § 4469(a)(2)). Applicants have not met this burden because they offer no evidence that compliance with the regulations is impossible.

More importantly, there is no dispute presented that Applicants currently use the single-family residence on their property as a vacation home. Applicants are therefore making a reasonable use of their property without a variance. It is axiomatic that a variance is unnecessary to enable a reasonable use when the property has an existing reasonable use. See, e.g., <u>In re Dunnett</u>, 172 Vt. 196, 200 (2001) (denying a variance because a reasonable use of the property existed without it). Applicants offer no evidence as to why the existing residence prohibits the reasonable use of their property or why a variance is necessary to enable a reasonable use.

Furthermore, Applicants provide no evidence that their existing single-family residence cannot be repaired and continued without a variance; they only suggest that significant structural damage prohibits rebuilding an entirely new residence on the same footprint. Without a demonstration that the current residence cannot be repaired or reconstructed, we have no basis to conclude that a variance for an entirely new residence is the only way to make reasonable use of the property. See <u>Blow v. Town of Berlin Zoning Adm'r</u>, 151 Vt. 333, 336 (1989) (denying a variance because the party's stipulation "show[ed] nothing about whether an alternative development [was] possible without the variance").

Applicants encounter a similar deficiency with respect to the proposed garage. They maintain that a variance is necessary for the garage because they want an enclosed parking area in the winter. However, such a setback variance is unnecessary to enable the reasonable use of

7

Applicants' property, particularly when the property is currently used as a single-family vacation residence. We are directed to deny a variance "if <u>any</u> reasonable use can be made of the property which is in strict conformity with the zoning regulations." <u>Gadhue v. Marcotte</u>, 141 Vt. 238, 240 (1982) (emphasis added). While a garage would be a comfort in our winter climate, we have not been presented with evidence of why a garage is a necessity here; and the lack of a garage does not preclude the reasonable use of Applicants' property. See, e.g., <u>McClintock v. Zoning Hearing Bd. of Fairview Borough</u>, 545 A.2d 470, 452 (Pa. Cmwlth. Ct. 1988) (denying setback variance to build a garage because the lot was already developed with a single-family home and the landowner presented no evidence that property could not be used within existing space requirements).

Even when viewing the facts in a light most favorable to Applicants, Applicants' presentation fails to demonstrate that a variance is necessary for each project in order to make reasonable use of their property. Mr. Kowalski has therefore established as a matter of law that Applicants cannot comply with the second variance criterion.

Mr. Kowalski has also demonstrated that Applicants are unable to meet criterion five for both proposed projects, which requires a showing that the variance "will represent the minimum variance that will afford relief and will represent the least deviation possible from the bylaw and from the plan." 24 V.S.A. § 4469(a)(5). For the following reasons, Applicants cannot meet this requirement as a matter of law.

To begin, Applicants inappropriately justify their need for a variance for both proposed projects. Regarding the proposed residence, they contend that a variance is necessary because the narrow building envelope makes designing a conventional home difficult. It would force them to construct a home that is not practical, results in a significant reduction in living area, and hinders the future sale of the property. Applicants likewise seek a variance for the proposed garage because it is the only way to construct an enclosed parking area for use during the winter. In other words, Applicants seek two variances for reasons of convenience. The Supreme Court has consistently explained that "variances justified in terms of personal convenience or maximizing the profitable use of property were not the minimum necessary for relief." <u>In re Mutschler</u>, 2006 VT 43, ¶ 11, 180 Vt. 501, 505 (mem.) (citing examples). Accordingly, we must conclude that Applicants are unable to satisfy the fifth variance criterion for either proposal.

8

While this conclusion is sufficient grounds to deny Applicants' two variance requests, we also note that Applicants have presented no evidence that the variances represent the least deviation possible from the zoning regulations. With regard to the proposed residence, Applicants defend the requested variance by arguing that the relocation eliminates the existing setback encroachment on Lake Beebe. According to Applicants, this design avoids negatively impacting the view of the lakeshore and protects the lakeshore to a greater extent than it is being protected by the current structure. We applaud these concerns. However, Applicants ignore the fact that this proposed expansion/relocation increases the encroachment on Pine Lane significantly. The proposed residence is located roughly six feet from Pine Lane, approximately seventeen feet closer than the current residence. In fact, because the proposed residence is almost 600 square feet larger than the existing residence, it appears from the site plan sketches that the proposed encroachment area is larger than the two pre-existing encroachments combined, ultimately increasing the degree of nonconformity. With this in mind, Applicants are also unable to demonstrate that the proposed residence represents the least deviation from the setback requirement that is possible under the circumstances.

Likewise, Applicants' proposed garage does not represent the least deviation possible from the Pine Lane setback because it is located entirely within the forty-foot setback. The site plan sketches indicate that the proposed garage could be moved farther from Pine Lane and still maintain compliance with the Lake Beebe setback. This would decrease the encroachment on Pine Lane and locate the garage partially within the existing building envelope. According to Applicants, placing the garage farther from Pine Lane would require fill and support structures to be built close to the bank of Lake Beebe, which would spoil the view of the lakeshore. However, Applicants overlook the fact that any support structures could be placed within the building envelope and nonetheless comply with the twenty-five foot lakeshore setback imposed by the zoning regulations. Even though the garage may be more visible from the lake, the design would therefore result in greater conformance with the zoning requirements. Accordingly, Applicants proposed garage design does not represent the least deviation possible from the zoning regulations.

We therefore conclude that the undisputed facts, even when viewed in a light most favorable to Applicants, indicate that not all five of the variance criteria can be satisfied. In so doing, we acknowledge the difficulty Applicants will experience in designing a new residence

9

that fits within the existing building envelope or otherwise meets all five of the variance criteria. In order to obtain "relief by way of variance," however, "the statute governing its granting must prevail, rather than a judicial finding indicating, at best, general desirability." Sorg v. North Hero Zoning Bd. of Adjustment, 135 Vt. 423, 427–28 (1977).[4] Because Applicants cannot fulfill each of the statutory variance criteria, we are compelled to **GRANT** Mr. Kowalski summary judgment and to **DENY** both of Applicants' variance requests.

### Conclusion

For all the reasons more fully discussed above, we **GRANT** Mr. Kowalski's motion for summary judgment, concluding as a matter of law that Applicants are unable to satisfy all five of the statutory variance criteria outlined in 24 V.S.A. § 4469(a), even when viewing the facts in a light most favorable to them. The undisputed facts indicate that both variances are unnecessary to enable the reasonable use of Applicants' property and that the requested variances are not the minimum that will afford relief. Applicants' applications for a permit and variance to construct the proposed residence (application #1118) and the proposed garage (application #1119) are therefore **DENIED**.

In view of the foregoing, the trial in this matter, previously set for March 3, 2010 in Rutland District Court, and the final pretrial conference, previously set for February 18, 2010 at 9:00 A.M., are both cancelled.

A Judgment Order accompanies this Decision. This completes the current proceedings before this Court concerning this appeal.

Done at Newfane, Vermont, this 16th day of February 2010.

_____
Thomas S. Durkin, Environmental Judge

---

[4] We note here that our Legislature has authorized municipalities like Hubbardton to circumvent the strict requirements of variances in the event that duly enacted setback limitations impede desirable development. If a municipality so chooses, it can establish procedures to "grant waivers to reduce dimensional requirements, in accordance with specific standards that shall be in conformance with the plan and the goals set forth in [the Vermont Planning and Development Act]." 24 V.S.A. § 4414(8)(A). However, the Town of Hubbardton has not presently elected to adopt any waiver provisions, leaving us to assess Applicants' proposals for compliance with the statutory variance criteria.