# STATE OF VERMONT

SUPERIOR COURT

ENVIRONMENTAL DIVISION
Docket No. 154-12-15 Vtec

<div style="border:1px solid black">

Old Lantern Non-Conforming Use

</div>

## ENTRY REGARDING MOTION

Count 1, Municipal ZBA Other (154-12-15 Vtec)

Title:         Renewed Motion Concerning Question #6 (Motion 15)

Filer:         Adrian and Alison Wolverton

Attorney:      James A. Dumont

Filed Date:    October 16, 2017

Response filed on 10/30/2017 by Attorney Liam L. Murphy for Appellees Old Lantern Inn, Lisa
    and Roland Gaujac

**The motion is DENIED.**

This is an appeal of a decision by the Town of Charlotte Zoning Board of Adjustment ("ZBA") determining that the current use of the Old Lantern Inn, owned by Lisa and Roland Gaujac (the "Gaujacs" or "Appellees"), is a pre-existing nonconforming use not requiring a zoning permit. This legal issue arose when Adrian and Alison Wolverton (the "Wolvertons" or "Appellants") requested that the Town of Charlotte Zoning Administrator ("Zoning Administrator") direct that the Gaujacs seek and secure applicable zoning approvals for the continued operation of the Old Lantern Inn as a wedding and other events facility. When the Zoning Administrator denied the Wolverton's request, they filed a timely appeal with the ZBA. When the ZBA affirmed the Zoning Administrator's determinations, Appellants filed a timely appeal with this Court.

The present filings stem from the Wolvertons' July 17, 2017, motion to reconsider aspects of a Decision this Court issued on July 3, 2017. In response, this Court revised its summary of undisputed facts, reversed its determination that Appellants' Question 4 should be dismissed (thereby reinstating it for trial), and directed that the parties file legal memoranda as to whether Appellants' Question 6 should be dismissed. In re Old Lantern Non-Conforming Use, No. 154-15-15 Vtec, slip op. at 6 (Vt. Super. Ct. Envtl. Div. Sept. 13, 2017).

In response, Appellants filed their legal memoranda requesting that their Question 6 be reinstated and allowed to proceed to trial. Appellees filed their legal memorandum, asserting

that it was proper for Question 6 to be dismissed.[1]  The propriety of Appellants' Questions 6 and its dismissal are now ripe for review.

Historically, the Court has treated motions to reconsider interlocutory orders similarly to V.R.C.P. 59(e) motions to amend or alter a final judgment.  See, e.g., In re Lathrop Ltd. P'ship I, Nos. 122-7-04 Vtec, 210-9-08 Vtec, and 136-8-10 Vtec, slip op. at 10 (Vt. Super. Ct. Envtl. Div. Apr. 12, 2011) (Durkin, J.).  There are four principle reasons for granting such a motion: (1) "to correct manifest errors of law or fact upon which the judgment is based"; (2) to allow a moving party to "present newly discovered or previously unavailable evidence"; (3) to "prevent manifest injustice"; and (4) to respond to an "intervening change in the controlling law."  Id. at 10-11 (quoting 11 Wright, Miller, & Kane, Federal Practice and Procedure: Civil 3d § 2810.1).  Appellants contend the dismissal of Question 6 contains a manifest error of law.[2]  The Court finds no manifest error of law or fact such that we should vacate our dismissal of Question 6.

Question 6 asks whether "the [P]erformance [S]tandards set forth in [the Town of Charlotte Land Use Regulations ("Regulations")] § 3.12 apply to the Old Lantern because performance standards apply to nonconforming uses?"  In the July 3, 2017 Decision, the Court determined Question 6 presented a purely legal issue and that the Performance Standards do not apply to nonconforming uses.  In re Old Lantern Non-Conforming Use, No. 154-12-15, slip op. at 18-19 (Vt. Super. Ct. Envtl. Div. Jul. 3, 2017) (Durkin, J.).  We granted Appellants additional time to file a legal memorandum against dismissal of Question 6.

Appellants argue that the Performance Standards are a noise ordinance.  Secondly, they contend that, pursuant to the Town's police power and the enabling act, the Performance Standards may be applied to a nonconforming use.  Thirdly, Appellants argue that where a nonconforming use is physically expanded to a new location, and the change occurs after the adoption of an ordinance, then the ordinance governs that expanded use.  Appellees disagree, arguing the Appellants misclassify the Performance Standard as a noise ordinance, and that the Performance Standards do not apply to pre-existing nonconforming uses.[3]

We again note that while the goal of zoning regulations is to gradually eliminate nonconforming uses, uses that predate the enactment of the current zoning regulations must be "tolerated."  Dewitt v. Brattleboro Zoning Bd. of Adjustment, 128 Vt. 313, 319 (1970).  These once-lawful uses may continue "due to the fairness and due process concerns of the

---

[1]  Each party also included a statement of undisputed facts within their legal memorandum.

[2]  The Court notes that Appellants asserted, correctly, that they were not put on notice that the substance of Question 6 was being attacked as Appellees moved to dismiss Question 6 for jurisdictional reasons.  Appellants argued because of this they did not have the opportunity to file arguments in support of the question as they were not on notice that the substance of Question 6 was being challenged

[3] Appellees additionally argue that the Court should disregard Appellant's "Statement of Undisputed Facts Re Question #6" as being unrequested by the Court and filed in violation of V.R.C.P. 56(c)(1)(A).  The Court finds these facts not relevant to the present legal issue and, in many instances, duplicative of the facts presented with the original summary judgment motion and opposing memorandum.  See Vermont Turquoise Hospitality, LLC, No. 131-8-14 Vtec, slip op. at 3 (Vt. Super. Envtl. Div. Jun. 24, 2015) (Durkin, J.) (finding the legal issues properly raised determine what facts are material) (citations omitted).

landowner."[4] King Cty., Dep't of Dev. & Envtl. Servs. V. King Cty., 305 P.3d 240, 244 (Wash. 2013) (citations omitted). Therefore, if a use is pre-existing, it may not be regulated by zoning. Vermont Brick & Block, Inc. v. Vill. of Essex Junction, 135 Vt. 481, 483 (1977).

If the Court were to stray from this precedent and find a nonconforming use subject to regulation, as Appellants argue we should, such a regulation must give notice of its applicability to nonconforming uses. See In re Willowell Found. Conditional Use Certificate of Occupancy, 2016 VT 12, ¶ 18, 201 Vt. 242 (explaining that "zoning ordinances must be construed narrowly in favor of the landowner to minimize their hinderance on property rights. . . . [T]o be enforced, the conditions must be specific enough to provide a landowner with notice that his or her property rights are fettered.") (citations omitted). The Court also notes that, while Appellants argue that the Performance Standards apply to nonconforming uses because of the Town's police power to regulate public nuisances, all zoning regulations are sanctioned by the police power of the state and must be a valid exercise of such power. City of Rutland v. Keiffer, 124 Vt. 357, 359 (1964). The power to implement land use regulations, including those to abate public nuisances, does not negate the need to provide owners of nonconforming use properties, and all community members for that matter, with notice of regulation. See In re Willowell Found., 2016 VT 12, ¶ 18.

The Performance Standards at issue in Question 6 make no mention of applying to nonconforming uses or the relevant nonconforming use regulations set forth in Regulations § 3.8. See Regulations § 3.12. Similarly, Regulations § 3.8 does not reference the Performance Standards applying to nonconforming uses. Id. Given the strong state law precedent respecting pre-existing nonconforming uses, the Court will not read into the Performance Standards' an applicability to nonconforming uses that may not traditionally be regulated, especially without evidence of notice.

For similar reasons, we cannot classify the Performance Standards contained in the Town Regulations as a "noise ordinance," as suggested by Appellants, because those provisions of the Regulations provide no notice that they were intended for such a purpose. The impact of the Performance Standards upon permit applicants may be similar to a noise ordinance provision, but we see no provision in the Performance Standards that would allow those provisions to be applicable to a lawfully-existing non-conforming use.

Finally, to the extent a pre-existing nonconforming use is expanded while zoning is in place, and the expansion is in violation of Regulations § 3.8, the use will no longer be regarded as a pre-existing nonconforming use. In that instance, the use would be unlawful, unpermitted and must therefore conform with the applicable zoning regulations and any potential permit conditions imposed by the ZBA. However, Appellants' argument that the Old Lantern Inn has expanded and no longer enjoys the vested rights of a pre-existing nonconforming use must await a determination at trial, since the facts that Appellants assert are disputed.

For the foregoing reasons, the Court concludes that Question 6 should be **DISMISSED** and **DENIES** Appellants' request to vacate that dismissal.

---

[4] By statute, municipalities may regulate a nonconforming use "to abate public nuisances or to remove public health risks or hazards." 24 V.S.A. § 4412(7)(c).

**So Ordered.**

Electronically signed on November 13, 2017 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

Notifications:

James A. Dumont (ERN 1948), Attorney for Appellant Adrian and Alison Wolverton

Liam L. Murphy (ERN 3953) and Alexander J. LaRosa (ERN 5814), Attorney for Appellees Old Lantern Inn, Lisa and Roland Gaujac

David W. Rugh (ERN 1507), Attorney for Interested Person Town of Charlotte

Interested Person Karen and Michael Frost

Interested Person Justin and Maura Wygmans